LEMMON, Judge.
In this action to recover the balance allegedly due on a verbal employment contract the issue on appeal is whether the trial court properly granted a motion to dismiss the action at the close of plaintiff’s evidence, made by defendant pursuant to C.C.P. art. 1810B.
Plaintiff, with 40 years of experience in the asphalt business, accepted employment as a consultant with defendant corporation in late November, 1974 and worked in defendant’s asphalt operations through October 4, 1976. Plaintiff testified that Joseph Romano, defendant’s president, agreed to pay him a $2,000.00 retainer at the time of employment and a salary of $20,000.00 per year, plus expenses and transportation. Plaintiff admitted that he was furnished an automobile and that all his expenses were paid, but claimed a balance of approximately $25,000.00 was due him under the employment contract, since he had only received $15,700.00. He stated he did not collect a regular salary, explaining that since the company was just starting operations he drew only enough money to meet his minimum living expenses until the business became stabilized.
A number of witnesses verified that plaintiff worked for Atlas every day at the plant or in the field and that he was consulted by employees and inspectors for business decisions and for discussion of problems. The bookkeeper, who prepared the payroll checks, testified that while the salaries of other employees were paid on a fixed schedule, as to payment of plaintiff’s salary “there was never anything set and every month if he needed money I would pay him”. The company’s records show plaintiff was issued checks for “consultant fee” at various times of the month in amounts of $300.00, $500.00, $1,000.00 or $1,500.00, without any regular pattern.
Thus, the only dispute in this case is the amount of salary defendant agreed to pay plaintiff for his services. Plaintiff testified that the agreement was for $20,000.00 an *176 nually, and neither that testimony nor his explanation as to his method of drawing checks was contradicted in any manner. Indeed, as to the method of drawing wages the bookkeeper’s testimony was at least consistent with plaintiff’s.
Defendant stated its motion to dismiss was based “on the grounds that this alleged verbal contract is one in excess of $500.00; that the Plaintiff has not carried his proof by presenting his evidence with one credible witness and other corroborating circumstances”. On this record it was improper to grant a motion to dismiss at the close of plaintiff’s evidence.
Prior to Act No. 156 of 1978 a defendant in a non-jury trial had no procedural device to test the sufficiency of plaintiff’s evidence when plaintiff rested his case. The defendant either had to rest his own case without presenting evidence (in which case he risked loss on the merits of the action, if he guessed wrong) or to proceed forward with evidence (in which case the decision on the merits would be based on all evidence presented by both sides). C.C.P. art. 1810B now authorizes the defendant to move to dismiss the action, without waiving his right to offer evidence, on the ground that “the plaintiff has shown no right to relief”. The purpose of the codal article is to enable a defendant in non-jury trials to determine whether the plaintiff’s evidence, standing alone, is sufficient for recovery, as is routinely done in jury trials by a motion for directed verdict at the close of the plaintiff’s evidence.[1]
In granting such a motion the trial judge may weigh evidence, resolve conflicts, and decide that preponderance lies in favor of defendant. (Of course, the judge under the express terms of the article can merely decline to render any judgment until the close of all the evidence.) However, since the only judgment which may be rendered on the motion is one against the plaintiff, it is only when plaintiff’s proof has failed in some aspect or when the evidence is conflicting or presents questions of credibility that the judge has any real occasion to weigh the evidence. See 9 Wright & Miller, Federal Practice & Procedure § 2371 (1971).
In the present case plaintiff’s assertion that the agreed annual salary was $20,-000.00 was not contradicted by any testimony or circumstances. There was thus no basis in this record to reject that testimony on. a weighing of evidence (although that evidence certainly may be ultimately rejected on a credibility evaluation after defendant presents its evidence).
Accordingly, the judgment of the trial court on the motion to dismiss is set aside, and the matter is remanded to afford defendant an opportunity for presentation of evidence. Costs will be assessed after final disposition.

SET ASIDE AND REMANDED.

. Indeed, Article 1810 is in the chapter governing jury trials, and the pertinent provision is a subsection of the article authorizing motions for directed verdicts.