EDWARDS, Judge.
Joanne James, plaintiff-appellant, sought damages on behalf of her minor son for injuries he suffered when involved in an auto-pedestrian accident. Pursuant to a jury verdict finding no negligence on the part of the defendant, Kenneth L. Dupont, judgment was rendered against the plaintiff, who appeals. We remand.
We find that a fair and complete review of this case cannot be made without an examination of all the jury charges, both as proposed by all parties and as actually delivered by the trial court.
LSA-C.C.P. Art. 2132 provides:
“A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, and by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.”
Under the authority of LSA-C.C.P. Art. 2132, we remand this case. All charges of the trial court, as actually delivered, are to be transcribed. All charges proposed to the trial court by both plaintiff and defendant are to be included in the record.
REMANDED.
OPINION AFTER REMAND
Joanne James, plaintiff — appellant, sought damages on behalf of her minor son for injuries he suffered when involved in an auto-pedestrian accident. Pursuant to a jury verdict finding no negligence on the part of the defendant, Kenneth L. Dupont, judgment was rendered against the plaintiff, who appeals. We affirm.
Robert Lee James, a four-year-old child, was injured on April 9, 1977, when struck by a car driven by Kenneth L. Dupont. The accident occurred on Louisiana Highway 445 in Tangipahoa Parish.
The defendant’s basic contention was that Robert James simply darted in front of his car making it impossible to avoid the accident even though Dupont immediately braked and swerved his car. A key witness for the defense was Liska Laurant, whose testimony buttressed Dupont’s. She testified in part as follows:
“Q. Let me ask you this. When did you first see children? That day?
A. I saw them when they come across the lane . . . see they was on
this side of the ditch. They got a little ditch . . . little drain
like, and then they past that little drain and I don’t know they must have been standing off from here, I couldn’t see them there . you see the window when they got off from the wall. . you see it’s a wall back . but I saw this baby when he broke and run. When this baby broke and run.
Q. By himself?
A. Yes sir.
Q. Could you tell the jury how he broke and run?
A. He just took off . . . just took off, and I asked my daughter. I said who children is that.
Q. When you asked your daughter whose children is that when he broke and run?
A. Yes sir.
Q. That’s when you asked her?
A. Yes sir.
*391 Q. Where did he run to?
A. Run direct direct to the road.
Q. Did he go in the road?
A. Yes sir . . . made a little curve like ... he run . he really run, right straight to the road. Right straight.” (T 389-390)
Evidently the jury believed Mrs. Laurant and Dupont’s version of the accident, since they unanimously found Dupont not to be negligent.
On appeal, plaintiff specifies four errors were made by the trial court.
1) The jury verdict, finding no negligence on behalf of Kenneth L. Dupont, was not based upon essential and correct legal principles and is contrary to law and evidence and clearly wrong, and manifestly erroneous.
2) The trial court erred in its instruction to the jury in charging the jury on general negligence but failing to instruct the jury on the particular duty owed by motorists to pedestrians.
3) The trial court erred in charging the jury on a presumption of regularity in favor of a motorist.[1]
4)The trial court erred in failing to give special charge Number l,[2] requested by plaintiff, relative to the duty of motorists to pedestrians, and duty to constantly observe.
Specification 1 simply urges that the jury’s decision was wrong. Based on a careful review of the entire record, we find ample evidence to support the jury’s finding. There was no manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Specifications 2, 3 and 4 object to the giving or not of particular jury charges. A meaningful jury trial includes proper instructions by the court. Adequate instructions are those instructions which fairly and reasonably point up the issues presented by the pleadings and evidence and which provide correct principles of law for the jury’s application thereto. Hanks v. Drs. Ranson, Swan & Burch, Ltd., 359 So.2d 1089 (La. App. 3rd Cir. 1978). In this case, we cannot say that the jury instructions were such as would mislead the jury as to the law or to the application of the law to the facts.[3] *392 Far from it, the instructions given demonstrate the trial court’s proper concern for pedestrians and particularly children.[4]
Appellant urges that the jury verdict was not based on essential and correct grounds and that, therefore, this court should make its own factual determination of the case. Gonzales v. Xerox Corporation, 320 So.2d 163 (La. 1975).
While there is no manifest error in the trial court instructions which would, as in Gonzales, require us to render a verdict, we note that, based on the facts, we would arrive at the same result as did the jury.
The present case differs from Dufrene v. Dixie Auto Insurance Co., 373 So.2d 162 (La. 1979), and other cases of that sort. In Dufrene, a child in plain view on the road-wáy was being pushed on a tricycle by other children when he suddenly swerved into the path of a motorist. Because he had clearly observed the children and their activity in the roadway from a distance of several hundred yards and because he had failed to reduce his speed, sound his horn, or take any other preventive action, the motorist was held liable for damages caused by the ensuing accident.
In the case at bar, several children, including Robert Lee James, were playing near a large oak tree some twenty-nine feet from the highway. Furthermore, shade from the oak extended to the highway’s midpoint. Upon rounding a curve, defendant Dupont testified that he observed the scene and slowed down, but that suddenly young James simply darted across the highway making the accident inevitable.
The jury heard all the witnesses, examined the evidence, was properly instructed, and concluded unanimously that Kenneth L. Dupont was not negligent. We agree.
For the foregoing reasons, the trial court judgment is affirmed. All costs of these proceedings, both trial and appellate, are to be paid by Joanne James.
AFFIRMED.
LEAR, J., dissents and assigns reasons.

. The charge objected to is as follows:
“The mere fact that an accident happened, considered alone, does not support an inference that some party to this action was negligent. At the outset of this trial there existed in favor of each party the full benefit of the presumption of law to the effect that every person takes ordinary care of his own affairs and obeys the law. These presumptions are a form of prima facie evidence and will support findings of the jury in accordance therewith, provided that there be no evidence presented to the contrary. However, when contrary evidence conflicts with one or more of such presumptions it then becomes the duty of the jury to weigh the evidence against the presumption to determine which preponderates, if, as a matter of fact, either does preponderate. The jury’s deliberation on that score will be in consonance with the instruction given concerning burden of proof and proximate cause.”

. SPECIAL CHARGE NUMBER 1.
“It is the duty of one operating a motor vehicle to keep a sharp lookout ahead to discover the presence of pedestrians who might be in danger. What the motorist can see, he must see and in legal contemplation he does see. His failure to see what he could have seen by the exercise of due diligence does not relieve him from liability.
A motorist, as operator of a dangerous instrumentality, such as a motor vehicle, creates a great risk of injury to life and limb of pedestrians and therefore, owes a duty to the public to protect it from danger. Motorists are aware that they could meet many emergencies in which pedestrians will not always act wisely or prudently and will sometimes be found in perilous situations; therefore, motorists have the additional burden of keeping roads safe even for those who are negligent.
The law imposes on a motorist the additional burden of keeping the roadways safe when he was or should have seen impending or threatening danger and had, at the moment, the opportunity to avoid it.
Negligence of a pedestrian, in placing himself in the path of oncoming traffic, is no defense to the charge of negligence of the motorist.
The law imposes these burdens upon motorists in favor of pedestrians because the operation of motor vehicles creates a great risk of injury to life and limb of pedestrians, and small risk of harm to motorists from pedestrians.”

.Gonzales v. Zerox Corporation, 320 So.2d 163 (1975), holds that if a jury verdict is based on erroneous instructions, the appellate court is not to remand but is to decide the case based on the facts. Were we to find the jury instruc *392 tions to have been proper, our review of this case would be limited to an examination of whether the jury’s findings were manifestly erroneous. Arceneaux v. Domingue, supra. Should we determine that the jury instructions were erroneous, the decision would be based on our interpretation of the facts, which might result in a verdict contrary to that of the jury. Because of these differing modes of review and because all the jury charges, both proposed and actually delivered, were not included when the record of this case was initially sent up by the trial court, we remanded the case for completion of the record.

. Included in the instructions given was the following:
“Now in arriving at a decision you must bear in mind that the rule that an automobile driver is not an insurer of the safety of small children, when he is driving at a lawful and reasonable rate of speed, and is obeying the rules of the road as to a proper lookout, he will not be held liable where a child suddenly darts, or runs, into his path from a concealed position, in such a manner that the motorist is unable to avoid striking the child. Each case much (sic) be judged' on the particular circumstances involved. The rule is different, however, when a motorist sees, or should have seen the child near the street, for there a motorist is charged with knowledge that children playing, or walking along the street, may unexpectedly, or unpredictably, leave a position of safety for one of danger and peril. Under these circumstances a motorist is held to a high degree of care, or better said, the highest degree of care. The duty to exercise greater than ordinary care to avoid injury to a child does not become operative, or exist in favor of such child, until his presence is known, or should have been known, under the existing facts of the particular case, to the operator or driver of a motor vehicle. The motorist, upon discovering the presence of children in his path of travel, or in a position where they could become in peril, is under a duty to exercise the highest degree of care to avoid injury to them. Each case must be adjudged on the facts particular to that case.”