EDWIN R. HUGHES, Judge.
Plaintiff-appellant, Anthony Cuccia, Jr., instituted two actions against his former wife in small claims court.[1] The suits were for damages ($750.00) and rental due ($580.00) on a home located at 1729 Sandra Avenue in Metairie, Louisiana. Defendant-appellee, Linda French Cuccia, filed for removal of the cases to the regular docket of First City Court, as was her right under La.R.S. 13:5209. The cases were transferred and consolidated for trial.
On April 16, 1980 a trial on the merits was initiated and plaintiff, appearing in proper person, put on his case. At the close of plaintiff’s case, defendant moved for a directed verdict under La.C.C.P. 1810B. The motion was granted and plaintiff’s suit was dismissed. Plaintiff appealed, presenting the issue to this court as: Did the trial court consider the separateness of the property resulting from an alleged contract between plaintiff and defendant.
Defendant-appellee maintains, in her brief, that the property involved in this litigation was co-owned by the parties and was the family home during their marriage and that these suits were instituted merely out of vengeance. By answer to appeal, dated June 5, 1980, she seeks damages for frivolous appeal.
A directed verdict is properly granted on defendant’s motion, when, at the completion of plaintiff’s evidence, the trial judge determines that plaintiff has shown no right to relief.
We are not given the benefit of any recorded testimony or proof presented before the trial court for our review of its *842 determination. Likewise, we have been given no explanation for appellant’s failure to provide us with anything on which we could review the trial court’s action.
La.C.C.P. Art. 2131 provides:
If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.
Louisiana jurisdiction has consistently held that where the appellate record contains neither a transcript of testimony nor a narrative of the facts agreed to by the parties or made by the judge pursuant to the above statute, the Court of Appeal cannot review the sufficiency of evidence questions. We therefore must consider the judgment of the trial court as correct and supported by sufficient evidence. Schroeder v. Schroeder, 184 So.2d 75 (La.App. 4th Cir. 1966); Bourgeois v. Daigle, 340 So.2d 1063 (La.App. 1st Cir. 1976); Vaughan v. Fair, 337 So.2d 675 (La.App. 3rd Cir. 1976); Hutcherson v. Welch, 316 So.2d 144 (La. App. 2d Cir. 1975).
Appellant has filed a one page brief that is so sparse that it does not even argue that appellant ever agreed to pay rent after the parties divorced. It is our view that when an appellant invokes the appellate process but fails to avail himself of recording services that are available at the trial court level or provisions of La.C.C.P. 1810B and then avoids dismissal of appeal by filing a brief that is no more helpful than the one now before us, the accusation that the appeal was frivolous cannot be ignored. It is our view that this appeal was frivolous and that appellee is entitled to damages in the amount of $1,000.
We therefore order, adjudge and decree that Anthony Cuccia, Jr. pay to Linda French Cuccia the full sum and amount of $1,000. plus legal interest thereon from June 2, 1980 until paid and all costs of this appeal. In all other respects, the judgment of the trial court is affirmed.

AFFIRMED.

. The issues and parties in these two consolidated actions are identical; therefore, this opinion applies to both appeals.