EDWARDS, Judge.
On December 1, 1977, in the city of Cov-ington, Tim Bedford, aged thirteen, was struck and injured by a van driven by Mike Cazayoux, a minor. The accident occurred on North Columbia Street midway between the intersections of North Madison and North Jefferson streets.
Rose Bedford, the mother of, and subsequently confirmed as the natural tutrix of, Tim Bedford, brought suit on behalf of herself and her son Tim. Named defendants were Francis T. Cazayoux, sued individually and on behalf of his minor son, Mike Cazayoux, and United Service Automobile Association. Plaintiffs sought $1,206,000 plus legal interest and all costs.
Trial was had by jury. Following trial, the jury, by an unanimous vote of twelve to nothing, returned its verdict. Michael Ca-zayoux was found to have been negligent but his negligence was found not to have been a cause in fact of the accident. The jury verdict was made the judgment of the trial court and plaintiff’s suit was dismissed with prejudice at her costs.
Plaintiff appeals urging 1) that the jury was wrongly charged and 2) that the verdict was contrary to the law and evidence.
A meaningful jury trial includes proper instructions by the court. Adequate instructions are those instructions which fairly and reasonably point up the issues presented by the pleadings and evidence and which provide correct principles of law for the jury’s application thereto. James v. State Farm Mutual Automobile Insurance Company, 388 So.2d 389 (La.App. 1st Cir. 1980), writ denied 393 So.2d 741 (1980); Hanks v. Drs. Ranson, Swan & Burch, Ltd., 359 So.2d 1089 (La.App. 3rd Cir. 1978), writ denied 360 So.2d 1178 (1978). In this case, we cannot say that the jury instructions were such as would mislead the jury as to the law or the application of the law to the facts. Far from it, the instructions given demonstrate the trial court’s proper concern *1216 for pedestrians, including negligent pedestrians.[1]
A review of the record indicates that, with darkness near and with traffic heavy, young Bedford, attempting to cross North Columbia Street in the middle of a block, waited until several cars heading north had passed, whereupon he dashed across the two-lane roadway and was struck by the Cazayoux vehicle headed south. Mike Cazayoux had not yet turned on the lights of his vehicle.
At trial, Bedford testified that he looked in both directions before darting out. Extensive testimony was introduced as to the lighting conditions. Mike Cazayoux testified that Bedford suddenly appeared at the middle of North Columbia Street only fifteen feet from the van; that Bedford darted right in front of the van, that Bedford never broke stride or even reacted to the van; that he, Cazayoux, tried to brake and swerved to the right in an unsuccessful attempt to avoid striking Bedford; and that the van ended up in a ditch to the right.
Apparently the jury determined that, despite Cazayoux’s failure to use his lights, Bedford either failed to look or was most inobservant as to traffic conditions just pri- or to his ill-considered dash and that Cazay-oux did everything possible to avoid the accident. We find that the record contains more than enough evidence to support the jury verdict. Essentially, Tim Bedford, and not Mike Cazayoux, caused this accident.
For the foregoing reasons, the judgment appealed from is affirmed. All costs, both trial and appellate, are to be paid by Rose Bedford.
AFFIRMED.

. Included in the instructions given was the following:
“Since the operator of a motor vehicle is aware that he could meet many emergencies in which pedestrians will not always act prudently and will sometimes be found in perilous circumstances or situations, he has the legal duty to keep the roads safe even for those who are negligently caught off their guard. So, where injury results to such a pedestrian the motorist should bear responsibility for the injury if the motorist with the exercise of reasonable care under the circumstances saw or should have seen the impending peril and had, at that moment, the opportunity to avoid it. The motorist in this situation cannot escape legal responsibility for the injury to the pedestrian by showing that the pedestrian was also negligent.”