405 So.2d 877 (1981)
Mrs. Julie Durnie West, Wife of/and John WEST
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, Mr. and Mrs. Manuel Thomas Lascala, Mrs. Fay Marguerite Lascala Forvendel, and Harvey Lodge No. 2105 Loyal Order of Moose, Inc.
No. 12031.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1981.
Rehearing Denied November 20, 1981.
*878 Diane K. Zink, New Orleans, for U. S. Fidelity and Moose Lodge, defendants-appellees.
Lambert J. Hassinger, Raymond A. McGuire, New Orleans, for plaintiffs-appellants.
Christopher E. Lawler, Donovan & Lawler, Metairie, for defendants-appellees Mr. and Mrs. Manuel T. Lascala and Allstate Ins. Co.
*879 Joseph R. Ward, Jr., Buckley & Ward, New Orleans, for defendants-appellees Mr. and Mrs. Lester C. Forcendel.
Before REDMANN, SCHOTT and KLIEBERT, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a dismissal of her claim for damages resulting from a slip and fall she had while dancing at a wedding reception at the lodge hall owned by defendant Lodge No. 2103, Loyal Order of Moose, Inc. She joined as defendants the lodge and its insurer, Mr. and Mrs. Forvendel, the parents of the groom, Mr. and Mrs. Lascala, the parents of the bride, and the bride and groom. Suit against the bride and groom was dismissed on a motion for summary judgment from which no appeal was taken. Her case against the other defendants was tried to a jury. She tried to convince the jury that she slipped because the floor had been waxed excessively or because of liquids and peanut shells on the floor. The principal issue raised by the plaintiff in this court is that the trial judge's instructions to the jury were erroneous with the result that this court should decide the case in favor of plaintiff on the record without regard to the usual standards for appellate review of facts announced in Canter v. Koehring, 283 So.2d 716 (La. 1973) and further developed in Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
For a complete understanding of plaintiff's arguments, we have included as an appendix to this opinion that part of the charge containing the instructions about which plaintiff complains. The trial judge correctly instructed the jury at appendix 228 that if plaintiff proved that she slipped on an object or liquid or excessive wax then the defendants, the lodge and its insurer are presumed to be negligent and have the burden of exculpating themselves from that presumption. This was consistent with Rosensweig v. The Travelers Insurance Company, 333 So.2d 334 (La.App. 4th Cir. 1976), a case much like the instant case in which the principles laid down in Gonzales v. Winn-Dixie, Louisiana, Inc., 326 So.2d 486 (La.1976) and Kavlich v. Kramer, 315 So.2d 282 (La.1975) were applied. However, before giving that instruction that trial judge at appendix 227 stated that plaintiff had the burden of proving negligence on the part of the defendant and that defendant had no such duty to prove lack of negligence. At appendix 228-229 following the proper instructions based on Gonzales and Kavlich cases, the trial judge stated that the lodge was not liable for accidents due to the condition of the floor unless plaintiff proved that the lodge could have detected the defect with the exercise of reasonable diligence. At appendix 229 the trial judge again stated that plaintiff had the burden of proving the negligence of the defendant.
Finally, at appendix 230 to 231 the trial judge again stated that plaintiff had to prove the negligence of the defendant and that defendant did not have to prove "the lack of fault or any essential of the case." He concluded this portion of his instructions by stating that the jury could enter a verdict for the defendant if plaintiff did not prove "beyond a reasonable certainty all the elements required by law," one of which elements he had repeatedly told the jury was the negligence of the defendant.
In Bond v. Jack, 387 So.2d 613 (La. App. 3rd Cir. 1980) the court reiterated the principles that a proper charge of all facets of the law involved is essential in order that a jury may fairly adjudicate the rights, liabilities and obligations of the parties concerned. Where there is question that factual findings are not made pursuant to a clear understanding of the applicable law, the charges will be deemed insufficient or inadequate; and where erroneous charges preclude the jury from reaching a verdict in accordance with the law and facts, the Court of Appeal should render a judgment on the record before it. The Bond court continued:
"Therefore, if our examination reveals that the jury charges were either so incorrect or inadequate as to preclude the jury reaching a verdict in accordance *880 with the law and facts, we must render a judgment on the record as if we had the case before us for a trial de novo."
This test requires us to evaluate the degree of error in the instructions before superseding the jury and deciding the case ourselves. While we agree with plaintiff that some of the instructions were erroneous we are not convinced that the instructions as a whole were so incorrect or inadequate as to warrant our usurpation of the jury's function to decide the fate of the case. We reach this conclusion because of our belief that the jury was not convinced that there was any excessive wax or foreign substance on the floor which made the floor unduly slippery and concluded that plaintiff fell because of her own negligence in attempting a dance which was hazardous for one in her physical condition. We believe this jury decided as ordinary, reasonable and prudent individuals that plaintiff did not prove her case and would have done the same if the instructions had been technically correct.
Plaintiff produced as her witnesses her half sister, her sister, her third cousin, her daughter, a groomsman, her niece and the niece's husband. These witnesses all testified for the most part that the floor was slippery, wet and littered with peanut shells. Some of them stated that there was no sweeping or cleaning up during the reception. The defendant's witnesses, including Mr. Lascala's sister, the bride, Mrs. Lascala, Mr. Forvendel's sister and the parents of the bride and groom all testified that the floor was not dirty from drinks and peanut shells and that some of them did some mopping and sweeping during the course of the reception. Plaintiff herself testified at one point on the stand that there were no liquids or peanut shells on the floor and the floor was not slippery while she was dancing.
As to excessive wax, while plaintiff's half sister testified at the beginning of the trial that the floor was exceptionally slippery due to waxing, the defendant's witnesses testified that the floor was not waxed at all prior to the reception and only some dance wax was sprinkled on the floor during the evening. The evidence does not preponderate to the effect that the floor was excessively waxed so as to make it unusually slippery. It seems clear that some dance wax at least was sprinkled but we do not believe that the use of such wax necessarily created a hazard or defect so as to make slipping thereon actionable. When a customer enters a super-market, as in Gonzales or Kavlich and slips on a spill of oil or a piece of banana the customer is entitled to a presumption of negligence because the customer may expect the floor to be clean and hazard free. When a person goes upon a dance floor she must expect the surface to be slippery enough to enhance dancing. The presence of some wax on a dance floor can hardly be considered a foreign substance nor can slipperiness be considered a defect. While excessive slipperiness due to excessive waxing might be actionable, we simply do not find a preponderance of the evidence to that effect in this case and we do not believe the jury would have reached this conclusion no matter what instructions were given.
We believe the jury concluded that plaintiff negligently attempted to dance despite her physical condition. The evidence was uncontradicted that she was handicapped with one leg shorter than the other and required to wear an elevated shoe. Her witnesses were vague as to the type of dance she was performing but one of defendant's witnesses characterized it as a cha-cha, and Mr. Lascala gave testimony quite damaging to her case that she admitted she fell because of her bad leg. While she denied it the Forvendels testified that plaintiff had, on two previous occasions in their company, fallen after drinking. The jury likewise may have disbelieved her testimony that she had only two cups of beer throughout the entire three and a half hours prior to her fall.
Finally, much of plaintiff's evidence was concentrated on her attempt to prove that the peanut shells caused her to fall. While most of the witnesses agreed, and plaintiff admitted, that there were no *881 peanut shells on the dance floor itself, the evidence established that the Lascalas served ten pounds of peanuts in shells to their guests, and it is reasonable to infer that many of these shells were on the floor throughout the hall where the reception took place. Plaintiff and several of her witnesses testified that there were crushed shells on the bottom of her shoe, and plaintiff argues that shells alone or in combination with spilled drinks caused her to slip and fall. There is nothing in the record to prove that crushed peanut shells on the bottom of one's shoes reduce the friction with the floor and cause slipperiness. We surely cannot take judicial notice of such a phenomenon. It is surely arguable that the crushed peanut shells constitute an abrasive substance which increased rather than reduced friction. We believe the jury was unconvinced that these peanut shells throughout the hall had anything to do with plaintiff's slip and fall.
This brings up for consideration another instruction at appendix 229, with which plaintiff takes issue, wherein the trial judge stated that plaintiff had to prove that the floor was hazardous at the point of the fall and that this caused her to fall. Plaintiff argues that it would not be unreasonable in the absence of that instruction for the jury to have concluded that plaintiff was not entitled to recover even if the entire dance floor and hall other than spot where plaintiff fell was littered with liquid and peanuts. We do not believe the jury concluded that plaintiff proved she fell in the first instance because of either liquids or shells. The testimony with respect to both liquids and shells was in hopeless conflict and there was no proof that shells with or without liquid would constitute a hazard. The jury may very well have concluded also that such an array of litter as described by plaintiff's witnesses was a fair warning to plaintiff not to attempt a cha-cha considering her physical condition.
The judgment appealed from is affirmed.
AFFIRMED.

APPENDIX
That is to say the plaintiff claims that he or she has been hurt either physically or otherwise by the fault of the party or parties called the defendants. It is important to distinguish between the types of parties in these proceedings for the reasons which will be brought out hereafter.
Since a club can only act through its officers or employees or other agents the burden is on the plaintiff to establish by a preponderance of the evidence in the case that the negligence of one or more officers or employees or other agents of the defendant other than plaintiff was a proximate cause of any injuries and consequent damages sustained by the plaintiff. Any negligent act of omission of an officer or employee or other agent of a club in the performance of his duties is held in law to be the negligence of the club.
Article 2315 of the Civil Code of the State of Louisiana states and I quote, "Every act whatever of man that causes damages to another obligates him by whose fault it happened to repair it." Close quote. Fault in this law is meant to be the same as negligence. Negligence is defined as the lack of due diligence or care. In the legal sense negligence means the failure of a party to use due care in a particular set of circumstances. In other words, negligence is the failure of a party to use the standard of care which an ordinary, reasonable and prudent person would use under a similar set of circumstances.
Basically each of us has the duty not to injure or damage another as the result of our fault or negligence. A person can be at fault by an unreasonable act of commission or by omission. In other words, if a person fails to perform some act which a reasonable prudent person would perform and such failure to act causes injury of any type to another, that failure or omission is negligence, the same as if that person actually had acted in a manner in which a reasonable, prudent person would not have acted under similar circumstances. In short, negligence is the failure to exercise reasonable care towards another person to whom a *882 duty to exercise reasonable care is owed and negligence includes omissions as well as commissions.
The duty of the owner of the premises is to use reasonable care to protect the invitees against every hazard which creates an unreasonable risk of harm. This duty includes a reasonable effort to keep objects off the floor which might give rise to a slip and fall.
The plaintiff, that is the party who claims the injury as a result of the negligence of the defendant and who seeks damages for the said injury, has the burden of proof to show first that he has been injured, second that the defendant was negligent or at fault and third, that the injury was the result of the said negligence or fault of the defendant. Thus, the plaintiff must prove the injury, defendant's negligence and that defendant's negligence caused the injury. All these factors are essential elements of the plaintiff's claim.
Basic law is that when one party sues another party the suing party, also known as the plaintiff, has the duty of proving the case to the satisfaction of the jury. That proof need not be absolute proof or proof beyond a reasonable doubt but merely proof to a reasonable certainty. At the law reasonable certainty is called the preponderance of the evidence. The plaintiff proves his case by a showing by the evidence and testimony that what is sought to be proven is more likely true than not true.
The defendant has no such duty to prove his lack of negligence. In order to prove up the plaintiff's case the testimony and evidence must be of such a nature and of such weight and sufficiency as to convince you, the jury, that the facts sought to be proved are more likely or more probable than not.
If the plaintiff has proved by a preponderance of the evidence that she slipped as a result of an object or liquid or excessive wax then the defendant Harvey Moose Lodge and U.S.F.&G. are presumed to be negligent and they must exculpate themselves from that presumption. To exculpate themselves from negligence the Lodge and U.S.F.&G. have a duty to protect their invitees from foreign substances on the floor. This duty is one of reasonable care under the circumstances. Reasonable protective measures including periodic inspections must be taken to keep the floor free of substances or objects that may cause invitees to fall.
The waxing of dance floors does not in and of itself constitute negligence since a waxed floor is certainly consistent with the purpose of dancing.
The Harvey Moose Lodge is not liable for accidents due to the condition of the floor unless it is proven by plaintiff that by the exercise of reasonable diligence they could have detected the defect.
For the plaintiff to be entitled to recover from any of the defendants herein she must prove that the floor was hazardous at the point of the fall and that this hazard was the cause of her fall.
As previously stated the plaintiff has the burden of proving by a preponderance of the evidence the essential elements of his claim, namely the injury, the negligence of the defendant and that the negligence of the defendant was the proximate cause of the injury.
To prove proximate cause the plaintiff must show that it is more likely true than not true that the negligence or fault of the defendant is proven played a substantial part in bringing about or actually causing the injury claimed by the plaintiff.
The proximate cause of an injury is the primary or moving act or acts which in an actual or a continuous sequence, unbroken by any efficient, intervening acts produces the injury complained by the plaintiff.
It is well settled in our law that unless an omission or act of commission can be shown to be a proximate cause of plaintiff's injury it cannot be the basis for an award of damages. This does not mean that the law recognizes only one proximate cause of an injury or damage consisting of only one factor or the conduct of only one person. On the contrary, many factors or things or the conduct of two or more persons may operate at the same time either independently *883 or together to cause injury or damage. In such a case, each may be a proximate cause of the injury or damage.
Under Louisiana law a tort feasor must take his victim as he finds he or she. A tort feasor is responsible for all of the natural and responsible consequences of his wrong, even the consequences which are made more serious or harmful by reason of a pre-existing physical defect or weakness of the injured person.
In summation, you the jury are the triers of the facts. You are the judges of the case and you apply your own experience and intelligence to test the weight and sufficiency of the evidence. You decide if the plaintiff has proved by a preponderance of the evidence, that is to say to a reasonable certainty, all the essential elements of his claim: (1) the injury, (2) the fault or negligence of the defendant and (3) the defendant's fault or negligence was the proximate cause of plaintiff's injury. If the plaintiff does not prove by a preponderance of evidence all the essential elements of the claim then your verdict should be for the defendant. As stated previously, the defendant does not have to prove his lack of fault or any essential of the case. It is sufficient to award a verdict for the defendant if the plaintiff does not prove beyond a reasonable certainty all the elements required by law.