436 So.2d 580 (1983)
John V. REED
v.
GULF INSURANCE COMPANY and House of Decor, Inc.
No. CA-0350.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1983.
Rehearing Denied August 23, 1983.
Writ Granted November 11, 1983.
*581 Michael A. Fenasci, New Orleans, for plaintiff-appellee.
Robert N. Ryan, William L. Brockman, New Orleans, for defendant-appellant.
Before AUGUSTINE, BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
This appeal arises from a jury verdict in a personal injury action, returned in favor of plaintiff, John V. Reed, and against defendants, House of DeCor, Inc. and its insurer Gulf Insurance Company, in the amount of $100,000.00 (the policy limits) jointly, severally and in solido, and individually against the House of DeCor, Inc. for an additional $100,000.00. This verdict was recorded and duly entered as the judgment of the court below. From this judgment, defendants have suspensively appealed.
The accident occurred as plaintiff was engaged in assisting another person, Chuck Williams, in moving a refrigerator, from an upstairs apartment in the French Quarter, down to street level. Plaintiff and Williams were required to maneuver the refrigerator down exterior metal stairs. As plaintiff moved down the steps from the second floor landing, he was beneath the refrigerator guiding its descent while Williams was above him holding the refrigerator in his arms. When plaintiff reached the mid-point of the stairs, Williams lost his grip on the refrigerator and plaintiff felt its entire weight press against him. Rather than be forced down the remainder of the steps by the weight of the refrigerator, plaintiff attempted to jump over the railing and to allow the refrigerator to slide freely to the ground. Although plaintiff tried to avoid the refrigerator, it caught his foot against the railing and twisted it backwards, fracturing his ankle.
*582 At the time of the accident, plaintiff was employed in a French Quarter hotel as a bellhop. He had been requested by one of the owners of the House of DeCor, Inc. to assist Williams in moving the refrigerator. It was later proved at trial that plaintiff performed this act gratuitously.
The crucial factual issues in this action are: (1) whether Chuck Williams's status was one as an employee of the House of DeCor, Inc.; and (2) whether he was acting within the course and scope of his employment at the time of the accident. Defendant alleges the trial court committed reversible error by: (1) denying defendant's motion for a directed verdict; (2) failing to include a jury instruction on course and scope of employment; (3) failing to include a special jury interrogatory on course and scope of employment; (4) failing to halt improprieties allowed to occur during the conduct of the trial; and (5) failing to have recorded the voir dire examination of prospective jurors.
At the end of plaintiff's case, defendant moved for a directed verdict. The trial court denied this motion. The standard to determine whether a directed verdict should be granted is: "... viewing all the evidence in a light most favorable to the plaintiff, could reasonable persons arrive at a contrary verdict, that is, could they reach a verdict other than one in favor of the defendant." Breithaupt v. Houston General Insurance Company, 398 So.2d 608 (La.App. 3d Cir.1981); Cuccia v. Cuccia, 394 So.2d 840 (La.App. 4th Cir.1981); Leffingwell v. Atlas Asphalt, Inc., 376 So.2d 175 (La.App. 4th Cir.1979); Campbell v. Mouton, 373 So.2d 237 (La.App. 3d Cir.1979). Based upon review of the record, we conclude that the trial court did not abuse its discretion in denying defendant's motion for a directed verdict.
We find the trial court's alleged error in permitting counsel for plaintiff to refer to defendant's amended answer, does not merit serious consideration in this particular case. The allegation contained in defendant's answer asserted that plaintiff was an employee of defendant and therefore his suit in tort was barred by the Louisiana Workers' Compensation Statutes. First, the comment made by plaintiff's counsel, when viewed as a whole, was more explanatory in nature rather than prejudicial. Second, plaintiff's raising of this issue concerning defendant's amended answer in his closing rebuttal argument was not the first mention of this issue before the jury. Counsel for the defense had asked several witnesses pointed questions with regard to whether plaintiff was an employee of House of DeCor, Inc. The resulting evidence from these witnesses showed that plaintiff was clearly not an employee of defendant, but was simply an employee of the hotel. Defense counsel also addressed this issue in his closing argument trying to show that plaintiff was an employee of defendant. Furthermore, the jury was given a special jury interrogatory form with one interrogatory specifically addressing the question of whether plaintiff was an employee of defendant, House of DeCor, Inc. To this particular interrogatory, the jury answered unanimously that he was not. We conclude that there has been no showing that plaintiff's reference to defendant's amended answer was prejudicial to defendant's position. Wexler v. Martin, 367 So.2d 111 (La.App. 4th Cir.1979).
Defendant alleges that the trial court erred in not charging the jury on the law of course and scope of employment with regard to Chuck Williams and in failing to submit to the jury a special interrogatory on whether Chuck Williams was in the course and scope of his employment at the time of the accident. The trial court's special charge in the area of employment was as follows:
One of the questions you will have to answer is whether or not Chuck Williams was an employee or servant of the House of DeCor, Inc. In order to constitute the relationship of master and servant, insofar *583 as the liability of the master or employer for the acts of the servant or employee is concerned, there need be no express contract of employment. If one knowingly and without objection receives the benefits of labor, or holds out to the public one as engaged in his service, he is liable as a master for the acts of the latter as his servant, but is not to be understood that a person can be rendered liable for injuries caused by the negligent act of a mere volunteer, who, without the knowledge or consent of the former, undertook to perform services in his behalf. Bates v. Lagers, 193 So.2d 375; Smith v. [Foucha] Fouchea, 172 So.2d 318.[1]
The special interrogatories submitted to the jury to be used in determination of their verdict and their answers were as follows:

1. Was John V. Reed an
 employee of the House of
 DeCor, Inc. at the time of the
 accident sued on in this
 lawsuit? No.
2. Was Charles Williams a
 servant or employee of the
 House of DeCor, Inc. at the
 time of the accident sued on in
 this lawsuit? Yes.
3. Was the negligence of Charles
 Williams a cause of the injury
 sustained by plaintiff, John V.
 Reed? Yes.
4. Was plaintiff, John V. Reed,
 guilty of contributory
 negligence which was a cause
 of his injury? No.
5. What amount of damages, if
 any, do you award to plaintiff,
 John V. Reed? $200,000.00.

Initially we find that it was reasonable for the jury to conclude that Chuck Williams was an employee of the House of DeCor, Inc. All of the testimony at trial indicated that Chuck Williams did odd jobs and handywork for the House of DeCor, Inc. for several months prior to the accident. He was in and out of defendant's establishment interacting with other known employees of the business, carrying boxes, assisting customers, and occassionally acting as informal security for defendant when requested to throw out a drunk or disorderly patron. The contrary evidence presented by defendants, showed that Chuck Williams lived in an apartment behind the main business and was merely a tenant on the property. He was also allowed to run a T-shirt stenciling business in an adjoining alleyway next to the House of DeCor, Inc. At the time of the accident, one of the owners of the House of DeCor, Inc. asked plaintiff to assist Chuck Williams in moving the refrigerator. It is apparent that Williams did many chores for the House of DeCor, Inc., and/or its owners, and we conclude that Williams was at least, an apparent employee of the House of DeCor, Inc. and that a master/servant relationship did, in fact, exist. Bates, supra; Foucha, supra.
Defendant's argument concerning jury instruction and special interrogatories merit serious consideration. The trial court's instructions to the jury did not address the issue of whether Chuck Williams was acting within the course and scope of this apparent employment at the time of accident. Vicarious liability of an employer cannot attach unless the employee is within this course and scope. Weysham v. New Orleans Public Service, Inc., 385 So.2d 19 (La.App. 4th Cir.), reh. den., writ den. 392 So.2d 690 (1980). Assuming, arguendo, that Williams was an employee of the House of DeCor, Inc., defendants could be held liable only if Williams were acting in the course and scope of his employment. La.C.C. art. 2320; Campbell v. Mouton, 412 So.2d 191 (La.App. 3d Cir.) reh. den., writ den. 415 So.2d 954 (1982).
There is no test to determine whether an employee is within the course and *584 scope of his employment, but "each case must be decided on its own facts; some factors are: the time the act was committed; was the employee obliged to perform this duty for the employer; what was the place, the circumstances and purpose of the employee's act in relation to the promotion of the employer's business; what were the employee's motives in performing the act; and whether the act was one done by employees in similar capacities and whether the employer had reason to expect that such an act would be performed by an employee". Lowe v. Gentilly Dodge, Inc., 342 So.2d 1231 (La.App. 4th Cir.1977); St. Paul Fire & Marine Ins. Co. v. Roberts, 331 So.2d 529 (La.App. 1st Cir.1976) reh. den.; See also Daughdrill v. Diamond M Drilling Co., 447 F.2d 781 (5th Cir.1971), cert. den. 405 U.S. 997, 92 S.Ct. 1261, 31 L.Ed.2d 466 (1972).
The trial court, in its charge to the jury, did not address the course and scope of employment as regards to Chuck Williams, nor did the court give the jury the opportunity to decide whether Chuck Williams was within the course and scope of employment with regard to the House of DeCor, Inc. We find the trial court's failure to charge the jury on the course and scope of employment as regards Chuck Williams and its failure to submit to the jury a special interrogatory on the same subject, prevented the jury from considering these decisive issues.
Parties to litigation have the right to have all the evidence weighed in light of the proper jury instructions which fairly and reasonably point up the issues presented by the pleadings and the evidence, and which provide the correct principles of law for the jury to consider in application thereto. Gonzales v. Xerox Corp., 307 So.2d 153 (La.App. 1st Cir.1974) writ issued, 309 So.2d 677; aff'd in part, rev'd in part, 320 So.2d 163 (La.1975) on remand, 329 So.2d 818 (La. App. 1st Cir.1976). See also McElroy v. Vest, 407 So.2d 25 (La.App. 3d Cir.1981); Bedford v. Cazayoux, 399 So.2d 1214 (La. App. 1st Cir.1981); writ den. 404 So.2d 280 (La.1981). Although the trial court is not required to give the precise jury instructions submitted by the parties, the court must give instructions which properly reflect the law applicable in light of the pleadings and the facts in each particular case. Miller v. Fogleman Truck Lines, Inc., 398 So.2d 634 (La.App. 3d Cir.1981), writ den., 401 So.2d 358. The trial court must give the proper charge on all facets of the law involved in a case. Bond v. Jack, 387 So.2d 613 (La.App. 3d Cir.1980), writ granted, 393 So.2d 743, aff'd, 407 So.2d 401 (La. 1981). The trial court has clearly failed to provide all the instruction on the law required in this case and we find this omission manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). The trial court's single special jury instruction instructed the jury only on the master/servant relationship and nothing more. This single charge was inadequate in view of the evidence in the record. If the trial court gives confusing, misleading instructions or omits an applicable essential legal principle, such instructions do not adequately set forth the law and constitute reversible error. Guidry v. Houston General Insurance Company, 396 So.2d 578 (La.App. 3d Cir. 1981).
We conclude, therefore, that the trial court erred in not giving a jury instruction on the course and scope of employment with regard to Chuck Williams, and that if special interrogatories are to be used, on remand, that a special interrogatory directed to whether Chuck Williams was within the course and scope of his employment at the time of the accident be provided the jury in their determination of a verdict.
Defendant has alleged that there was error committed by the trial court in not requiring the court reporter to record the voir dire examination of prospective jurors. No timely objection was made with regard to recording this examination. Both parties state in brief that it is not an issue on appeal but that they are desirous of this court issuing instructions requiring voir dire examination be recorded. We decline to do so. We see no need to interfere with a trial *585 court's procedure at trial when the "alleged error" is not at issue. A timely objection or an application for supervisory writs would have presented this issue to us. In absence of these two acts, the parties have rendered this point moot.
For the foregoing reasons, we affirm the trial court's denial of defendant's motion for a directed verdict and reverse the jury verdict and judgment entered and remand for a new trial in accordance with the reasons stated above.
AFFIRMED IN PART REVERSED IN PART AND REMANDED.
NOTES
[1] Bates v. Lagars, 193 So.2d 375 (La.App. 2d Cir.1966), reh. den.; writ ref. 250 La. 267, 195 So.2d 146 (La.1967) and Smith v. Foucha, 172 So.2d 318 (La.App. 4th Cir.1965) reh. den.; writ ref. 247 La. 678, 173 So.2d 542 (La.1965).