KLEES, Judge.
Plaintiff appeals the judgment of the trial court holding that defendants were not liable for her injuries. We affirm.
On May 14, 1984, plaintiff was sitting in the back seat of a parked taxicab when the cab was sideswiped by a school bus being driven by defendant Patricia Wilkerson.
*115 The bus was in the process of making a wide right turn around the cab onto a two-way street when the sudden approach of a car facing the bus in the left lane caused the bus driver to swing to the right and graze the back of the cab, smashing its left taillight.
Plaintiff filed suit against United Cab, Inc., and against the driver, owner, and lessee of the school bus, complaining of back and neck injuries she allegedly received in the accident. Plaintiff settled her claim with United Cab, and the remainder of the case was tried before a jury on April 8-9, 1986. After hearing all the evidence, the jury unanimously found that the bus driver was not guilty of negligence constituting a proximate cause of the accident. Based on this verdict, the trial judge rendered judgment in favor of defendants, dismissing plaintiffs suit against them.
On appeal, plaintiff first argues that the trial judge erred by failing to give complete jury instructions regarding the sudden emergency doctrine, relied on by the bus driver as a defense. Although the trial judge should have given the jury instruction requested by plaintiff, we find that his failure to do so in this instance was not reversible error.
The bus driver testified that she stopped at the intersection of Annunciation and Race Streets, and looked both ways. She noticed the cab parked on the right side of Race Street, but did not see any other traffic on the street. She then began making her right turn onto Race Street, knowing that becasue of the size of the bus, she would have to use part of the left lane in order to complete the turn. As she turned, the bus driver noticed a white Cutlass proceeding toward Race street from a side street a block ahead of her, but she assumed the Cutlass would stop at the stop sign, giving her time to complete her turn and get back to the right lane. Instead, the Cutlass turned directly onto Race Street without stopping and proceeded toward the bus in the left lane. Fearing a head-on collision, the bus driver immediately swung right, causing the right rear side of the bus to strike the left rear of the cab. The only damage to the vehicles was a “scratch” on the bus and a broken taillight on the cab.
The bus driver admitted having hit the cab, but claimed she was not liable for plaintiffs injuries because she was reacting to a sudden emergency. According to the bus driver, her only thought was to protect the busload of first and second graders from a head-on collision.
The trial judge instructed the jury that a driver faced with a sudden emergency is not required to exercise the same accuracy of judgment or degree of care as would be required under ordinary circumstances, but only to act as a reasonably prudent person would if faced with the same emergency. The instruction was incomplete, however, because the judge failed to tell the jury that the sudden emergency defense is not applicable when the emergency has been precipitated by the defendant’s own negligence. See: Heine v. Adams, 464 So.2d 836 (La.App. 5th Cir.1985), writ denied, 466 So.2d 1304 (La.1985); Fabio v. New Orleans Public Service Inc., 429 So.2d 875 (La.App. 4th Cir.1983), writ denied, 433 So.2d 1055 (La.1983); Dick v. Phillips, 253 La. 366, 218 So.2d 299 (1969).
As we held in Reed v. Gulf Ins. Co., 436 So.2d 580 (La.App. 4th Cir.1983), writ granted and reversed on other grounds, 441 So.2d 752 (La.1983), the parties to a lawsuit have the right to have the evidence weighed in light of the proper jury instructions, which fairly and reasonably point up the issues presented and which provide the correct principles of law for the jury to consider in application thereto.
In this case, we find that the trial judge’s failure to include the complete jury instruction as requested by defendants was an error that may have improperly influenced the jury. Under such circumstances, we are required to make an independent evaluation of the facts and render a judgment on the record before us. See Heine v. Adams, supra, at 837-838; West v. U.S. Fidelity & Guaranty Co., 405 So.2d 877, 879 (La.App. 4th Cir.1981).
*116 After reviewing the testimony, we find that despite the incomplete jury instructions, the jury’s conclusion that the defendant bus driver was not negligent is correct. The emergency was not created by the actions of the bus driver, but by the failure of the driver of the white Cutlass to obey the stop sign. Prior to beginning her turn, the bus driver did everything she could to make sure that the turn could be safely executed. When she saw the Cutlass approaching after she had begun to turn, she had the right to assume that it would stop at the stop sign. The failure of the Cutlass to stop created an emergency which the bus driver reacted to by pulling sharply to the right — a reasonable reaction that avoided a head-on collision. Because the risk of colliding with the Cutlass greatly outweighed the risk of possibly hitting a parked car, we find that the bus driver acted as an ordinary, prudent person would have under the same circumstances.
Because we find the bus driver to be free of negligence, the trial judge’s failure to give proper jury instructions does not constitute reversible error. This holding makes it unnecessary for us to reach plaintiff’s second assignment of error, that the trial judge allowed improper impeachment of the plaintiff’s testimony and failed to give a limiting jury instruction in this respect.
Accordingly, for the reasons given, the judgment appealed from is affirmed, with all costs to be borne by appellant.
AFFIRMED.