CIACCIO, Judge.
These consolidated cases arose from a vehicular collision which occurred on the Ponchartrain Expressway on July 21, 1984. A jury verdict found both drivers negligent in causing the accident. The trial judge granted judgment notwithstanding the verdict as to damages only. This appeal follows.
On July 21, 1984 Barry Forstall was driving his pickup truck in the center lane of the Westbank Expressway approaching the toll plaza. His brother, Bryce, was a passenger in his vehicle. At the same time, Eugene Daigrepont was operating a van which was pulling a boat and trailer in the right lane of the Westbank Expressway. Daigrepont was accompanied by his brother Leo who was seated in the passenger seat and his son, Randy, seated in the rear of the van. The remaining facts are in dispute.
According to Forstall and his brother, as the two vehicles were moving into the toll plaza, the boat trailer of the Daigrepont vehicle made contact with the side of the Forstall truck. Daigrepont denies that any contact was made at this point. Both parties agree that the occupants of the vehicles began yelling back and forth and making gestures at each other, although there is a dispute as to which words were actually used. Once the vehicles reached the bridge, Daigrepont alleges that the Forstall vehicle began speeding past his vehicle and cutting improperly into his lane of travel. Conversely, Forstall contends that once he passed through the toll plaza, he tried to ignore the Daigrepont vehicle, but an occupant of that car began throwing soft drink cans at his vehicle. He further contends that Daigrepont pointed a rifle at him at close range, thereby causing him to lose control of his vehicle and strike the Daigrepont van. Daigrepont denies For-stall’s allegations, although a rifle was found in the rear of the van following the accident.
Barry Forstall filed suit against Eugene Daigrepont and his insurer for personal injuries and property damages allegedly sustained in this accident. He alleges in his petition that Daigrepont’s negligence in pointing a rifle at him was the cause of the accident. Leo Daigrepont also filed suit against Eugene Daigrepont, his brother, and against Barry Forstall and his insurer *655 on the basis of injuries he sustained in the accident.
These cases were consolidated and tried before a jury which determined that Barry Forstall was 41% negligent and Eugene Daigrepont was 59% negligent in causing the accident. The jury awarded damages to Barry Forstall in the amount of $10,000, and $1,000 to Leo Daigrepont.
Forstall then filed a Motion for New Trial with Alternative Motion for Additur and Judgment Notwithstanding the Verdict. Following a hearing on this motion, the trial judge entered judgment notwithstanding the verdict as to damages, increasing Forstall’s award to $20,000 and Daigrepont’s award to $8,000.
No appeal is taken from the judgment rendered in favor of Leo Daigrepont, and his award is therefore considered final. The only issue presently before us is the judgment rendered in favor of plaintiff, Barry Forstall. Both parties have appealed from this judgment.
On appeal, plaintiff argues that the trial court committed reversible error by: (1) refusing to strike the defense of contributory negligence; (2) failing to instruct the jury that words and gestures could not have caused the accident; (3) failing to submit a jury interrogatory on whether Daigrepont pointed a gun; and (4) refusing to admit into evidence printed sections from a medical manual. In addition plaintiff argues that the general damage award made by the trial judge was inadequate.
Defendants, Eugene Daigrepont and State Farm Mutual Automobile Insurance Company, also appeal from the lower court’s judgment based on one issue: whether the trial judge erred in granting judgment notwithstanding the verdict, thereby increasing the amount of damages awarded by the jury verdict. After reviewing the record, we agree with the defendant and reverse the judgment notwithstanding the verdict, thereby reinstating the jury verdict.
At the close of all the evidence, counsel for plaintiff orally entered a motion to strike defendants’ defense of contributory negligence which was denied by the trial judge. Plaintiff argues that his actions prior to the accident did not constitute negligence, as he was only reacting to defendant’s action in pointing a rifle at him.
The question of contributory negligence is a matter of fact to be determined by the fact finder in light of the circumstances of each case. Soileau v. South Central Bell Tel. Co., 406 So.2d 182 (La. 1981). The test is whether Forstall was acting as a reasonable and prudent person under the circumstances at the time of the accident. The record shows that Forstall participated in yelling and gesturing at the Daigrepont vehicle, and he lost control of his vehicle and entered defendant’s lane of travel. There is sufficient evidence in the record which could support a finding that Forstall’s actions at least in part contributed to the accident. Clearly, this issue was a matter of fact solely within the province of the jury. Based on our review of the record, we find that the trial judge was not clearly wrong in refusing to strike the contributory negligence defense and allowing the question to go to the jury.
Plaintiff next alleges that the trial court erred in failing to instruct the jury that his words and gestures could not have caused the accident. In support of his contention, plaintiff cites to a list of intentional tort cases to show that plaintiff’s mere words and gestures were insufficient provocation to justify defendant’s assault on him by the pointing of the rifle.
Parties to litigation have the right to have all the evidence weighed in light of the proper jury instructions which fairly and reasonably point up the issues presented by the pleadings and the evidence, and which provide the correct principles of law for the jury to consider in application thereto. Reed v. Gulf Ins. Co., 436 So.2d 580 (La.App. 4th Cir.1983).
In an ordinary negligence action such as the one here the applicable legal principles involve whether there was breach of duty which caused harm to plaintiff. Testimony at trial established that both parties engaged in yelling back and *656 forth at each other and in making gestures. The jury could have reasonably found that these words and gestures had some direct relationship to the accident, thereby becoming a cause of the accident.
In the jury instructions given by the trial court, the principles of negligence, contributory negligence and proximate cause were included. The jury therefore was able to properly consider the facts in evidence in light of the applicable law.
Plaintiffs reliance on the legal principles applicable to intentional torts is misplaced. Since this is a negligence action, an instruction on whether plaintiffs words and gestures could have justified an assault on plaintiff is inappropriate.
Plaintiff also argues as prejudicial the trial court’s refusal to submit the special interrogatory to the jury on whether a rifle was pointed at the plaintiff. The special interrogatories submitted to the jury to be used in the determination of their verdict and their answers were as follows:
1. Was Eugene Daigrepont negligent? Yes.
2. Was the negligence of Eugene Daigrepont a proximate cause
of the accident? Yes.
3. Was Barry Forstall negligent? Yes.
4. Was the negligence of Barry Forstall a proximate cause of the accident? Yes.
5. Please state the percentage of negligence attributable to Barry Forstall and to Eugene Daigrepont.
Eugene Daigrepont 59%.
Barry Forstall 41%.
Plaintiff testified at trial that Eugene Daigrepont pointed a gun at him through the passenger window of Daigrepont’s van. He stated that the gun was so close to him that he could have put his finger into the barrel. Plaintiff argues that the pointing of the gun was the sole cause of the accident, because it forced him to duck and lose control of his vehicle, striking Daigre-pont’s van. Defendant and the other occupants of the Daigrepont vehicle deny that any gun was pointed. Plaintiff contends that the question of whether or not a gun was pointed at him is crucial to the determination of liability.
The jury had the opportunity to hear the testimony of all the witnesses. Based on the special interrogatories given to them by the trial court, they determined that Eugene Daigrepont’s negligence was a proximate cause of the accident. A trial judge is not required to give the precise jury instructions submitted by the parties, as long as the instructions reflect the applicable law. Reed v. Gulf Ins. Co., supra, 436 So.2d at 584.
We find that the special interrogatories given to the jury were adequate reflections of the applicable law. The question of whether a rifle was pointed by Daigre-pont is incorporated in the court’s general negligence inquiry. Further, we find that plaintiff has failed to show any prejudice as a result of the court’s refusal to include his special interrogatory. Consequently, we conclude that the trial judge was not manifestly erroneous in failing to give this particular interrogatory. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978).
Plaintiff alleges that the trial court erred in refusing to admit into evidence the printed section on post-traumatic stress disorder from the Diagnostic and Statistical Manual of Mental Disorder. Each of the psychiatrists who testified at trial were referred to this manual during their testimony. Defendant objected, claiming that no proper foundation had been laid by the plaintiff for introducing the manual. The trial court sustained this objection, finding that the manual did not have to be admitted into evidence in order for the psychiatrists to be questioned. We find that the trial court did not err in refusing to admit this manual as it qualifies as inadmissable hearsay since the author of the manual was not present at trial to be cross-examined. Jennings v. Allstate Ins. Co., 273 So.2d 534 (La.App. 1st Cir.1973).
The final issue left to be considered is one of damages. The jury verdict awarded general damages to plaintiff in the amount of $10,000. The trial judge granted a judgment notwithstanding the verdict, increasing plaintiff’s general damage award to $20,000.
*657 On appeal, plaintiff argues that in light of the testimony at trial with respect to his injuries, an award of $20,000 is inadequate. Our review of the record establishes that the medical evidence is contradicted. Following the accident plaintiff saw his family physician, Dr. Charles Bowers, for approximately 2-1/2 months for headaches, low back pain and insomnia. Plaintiff was also complaining of stress and anxiety which he associated with this automobile accident. However, Dr. Bowers, who had seen plaintiff since 1970, testified that plaintiff had been treated for these problems prior to the accident. Dr. Bowers believed that following plaintiffs discharge less than three months post-accident, he had returned to his normal medical status.
Plaintiff contends that as a result of this accident, he began to suffer with post-traumatic stress disorder which caused him to be anxious, nervous and afraid of travel-ling on the highway. His wife’s testimony established that plaintiffs anxiety which began after the accident was causing several family problems, both with her and with their children. One of plaintiffs coworkers testified that plaintiff became more difficult to work with following this accident, although records kept by his supervisor show that his behavior at work was rated higher in the year following the accident than in previous years.
There is also much contradictory testimony from the psychiatrists who saw plaintiff following the accident. Dr. C.B. Scrignar, a psychiatrist who began treating plaintiff six months after the accident and up until the time of trial, believed that plaintiff was suffering from post-traumatic stress disorder which was wholly related to the incident surrounding his automobile accident. However, Dr. Robert Newman, a psychiatrist who saw plaintiff three times immediately following this accident testified that plaintiff was suffering from a long-standing personality disorder which caused anger, anxiety and distress. Dr. Newman stated, however, that plaintiffs symptoms were unrelated to this accident, and that he was not suffering from post-traumatic stress syndrome. Dr. Newman stated that plaintiffs symptoms of stress could be related to his father’s death, the miscarriage sustained by his wife, which both occurred not long after this accident, and other preexisting problems. Dr. Herman Colomb, a psychiatrist who saw plaintiff for an independent psychiatric examination, agreed with the diagnosis of Dr. Newman that plaintiff had not experienced post traumatic stress disorder.
In his reasons for judgment notwithstanding the verdict, the court cited Lee Eyster and Associates v. Favor, 504 So.2d 580 (La.App. 4th Cir.1987). In that case, this Court relied on the following standard as set forth in Blum v. New Orleans Public Service, Inc., 469 So.2d 1117, 1119 (La. App. 4th Cir.); writ denied 472 So.2d 921 (La.1985):
In ruling on a motion for judgment notwithstanding the verdict, pursuant to L.S.A.-C.C.P. Art. 1810.1 (now substantially reenacted in L.S.A.-C.C.P. Art. 1811), the trial judge considers all of the evidence and reasonable inferences in a light most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelming in favor of one party that the court believes that reasonable persons could not arrive at a contrary verdict, the motion should be granted and the trial judge should render a judgment notwithstanding the jury’s findings. On the other hand, if there is substantial evidence of such quality and weight that reasonable and fair minded persons in the exercise of impartial judgment might reach different conclusions, the motion for judgment N.O.V. should be denied. In applying this standard, the court does not weigh the evidence, pass on credibility of the witnesses, or substitute its factual judgment for the jury’s.
Applying those standards to the instant case, we find that the trial judge erred in entering the judgment N.O.V. in favor of the plaintiff.
Considering the extent of plaintiff’s injuries following this accident, we cannot say that the jury abused its great discretion in awarding him $10,000. The jury may have *658 concluded that plaintiff suffered physical injuries of a short duration and that his anxiety problems were pre-existing and not related to the accident. If so, we find that there was sufficient credible evidence to support such a conclusion. Since we cannot say that the evidence, when viewed in a light most favorable to defendant, points so overwhelmingly to an abuse of jury discretion, we find that the evidence is such that reasonable men could differ as to the amount to award plaintiff for his injuries. Clearly, an award of $10,000 to plaintiff for his injuries was one that reasonable men could reach.
Our examination of the record reveals that the trial court’s conclusion that the jury verdict on damages was inadequate was manifestly erroneous. Absent a showing of an abuse of the jury’s discretion, the trial court cannot substitute its own factual findings for those of the jury. Blum v. NOPSI, supra, 469 So.2d at 1119. We conclude that the JNOV standard was incorrectly applied to the damages issue, and we find that the jury award was not inadequate. We therefore reinstate the jury award of $10,000.
Based on the foregoing reasons, we affirm the judgment of the district court insofar. as it apportioned fault between the parties. We reverse the judgment notwithstanding the verdict insofar as it increased the general damages award to Barry For-stall and we reinstate the jury award of $10,000. All of the costs of this appeal are taxed against plaintiff, Barry Forstall.
AFFIRMED IN PART; REVERSED IN PART.