WILLIAMS, Judge.
Plaintiff John Reed was injured when he was attempting to help a friend, Charles Williams, maneuver a refrigerator down a flight of stairs. Plaintiff sued House of DeCor and its insurer on the ground that as Williams’s employer it was vicariously liable for his tortious conduct. After a trial by jury, Williams was found to be an employee of House of DeCor, and plaintiff was awarded $200,000.00 in damages. On appeal to this court, we found that the jury was not in error in its finding that Williams was an employee. We also found that the trial court improperly failed to instruct the jury on the issue of whether Williams was acting within the course and scope of his employment. For this reason, we remanded the case to the trial court. 436 So.2d 580 (La.App. 4th Cir.1983). Writs were granted by the Louisiana Supreme Court, 441 So.2d 752, however, and the case has been remanded to us for a determination of the issue.
The building in which House of DeCor was located was leased by William Cusack and Steven Tomoletz personally. Cusack and Tomoletz were officers and shareholders in House of DeCor and leased the store site to House of DeCor. The building was in the French Quarter and consisted of apartments in the rear, in addition to the store, which was on the first floor. The lease on the entire premises was terminated and defendant, as well as Cusack and Tomoletz personally, were in the process of closing business at that location.
Chuck Williams was the lessee of the slave quarters in the back of House of DeCor. He leased the premises from To-moletz and Cusack personally, not the House of DeCor. Cusack and Tomoletz bought a new building, and Williams was to live in the back of it.
On Saturday, October 31, Williams asked plaintiff on behalf of Cusack and Tomoletz to help him move the refrigerator and in *1104 the course of their attempt to do so, plaintiff was injured.
The only question presented to us is whether the plaintiff proved that it was more likely than not that Chuck Williams was acting within the course and scope of his employment by House of DeCor when he attempted to move the refrigerator. We have reviewed the evidence and find that it is insufficient to prove that Williams’s actions were in the course and scope of his employment by House of DeCor.
An employer can only be liable for an act of an employee when the employee is acting within the course and scope of his employment. La. Civ. C. Art. 2320; Security Ins. Co. v. St. Paul Fire & Marine Ins. Co., 375 So.2d 687 (La.App. 4th Cir.1979). Whether an employee is acting within the course and scope of his employment is a determination made upon the facts of each individual case. St. Paul Fire & Marine Ins. Co. v. Roberts, 331 So.2d 529 (La.App. 1st Cir.1976).[1] In St. Paul Fire & Marine Ins. Co. v. Roberts, supra, the court set forth some guidelines to be considered in this determination:
... The factors considered in making such a determination include the time the act was committed, meaning whether at a time the employee was obligated to perform a duty for his employer. Also to be considered are the place, circumstances and purpose of the act insofar as it may reasonably relate to or foster the employer’s business. Additionally, the motive of the employee in performing the act is of paramount importance, as also are the questions of whether the act is one usually performed by employees engaged in similar capacities and whether the employer had reason to expect such an act would be performed by the employee.
Id. at 537 (citation omitted).
In the instant case, the plaintiff failed to prove that the refrigerator that was being moved belonged to House of DeCor and that its [refrigerator’s] being moved in any way furthered defendant’s business interests. Furthermore, there was no evidence that Williams had ever performed a similar task for House of DeCor. Testimony at trial indicated that Williams’s duties were mainly looking out for the store when no one was there and keeping strangers out of the rear of the building.
The evidence suggests that Williams was not moving the refrigerator as an employee of House of DeCor, but rather as either a favor or compensated “odd job” to the owners personally. Williams’s employment by House of DeCor and the presence of the shop in the front of the building are insufficient to establish that moving of the refrigerator was within Williams’s course and scope of employment with House of DeCor.
For the foregoing reasons, the decision of the trial court finding defendants’ liable for plaintiff's injuries is REVERSED.
REVERSED.

. The standard for determination of "course and scope” is stricter in tort actions than in Workers’ Compensation actions. E.g., Harris v. Hymel Store Co., 200 So.2d 84 (La.App. 1st Cir.1967).