SAVOIE, Judge.
Plaintiffs,[1] Steven W. Michaleski, et al, appeal a summary judgment dismissing their consolidated suits against N.L. Industries, Inc. and its liability insurers. The Michaleskis also appeal the summary judgment which dismissed Amoco Production Company from the suit. Additionally, defendants, Ricky Paul Leger and Western Preferred Casualty Company, appeal the granting of the motions for summary judgment filed by N.L. Industries, Inc. and Amoco Production Company. We affirm in part, and reverse and remand in part.
These cases arise from an auto accident which occurred on August 15, 1981, in Livingston Parish, Louisiana. A car driven by Steven Michaleski was involved in a collision with a car owned and driven by Paul Ricky Leger. Passengers in the Michaleski car at the time of the accident were Sherri Michaleski, Debbie McLin, Jaesa McLin, and Arnold McLin.
Appellants claim that, at the time of the accident, Leger was in the course of his employer’s business, or that the conduct of Leger was so closely connected in time and place and causation to his employment duties as to be regarded as a risk of harm fairly attributable to his employer’s business.
The facts reflect that Leger was employed as a motorman for N.L. Industries, Inc.. N.L. Industries, Inc. was doing a “workover” of a well owned by Amoco Production Company. Leger’s work time consisted of seven days on-seven days off, with twelve hour shifts for the seven days on. His working hours were from 6:00 *327 A.M. to 6:00 P.M. Leger was paid an hourly wage and given an extra amount for each day’s work to cover expenses.
N.L. provided a trailer at the well site which was available to the employees, including Leger, to use for room and board. The record reflects that no employee was under any compulsion to stay at the trailer during his twelve hours off, but the trailer was merely placed there as a convenience to N.L.’s employees.
On the date of this accident, Leger had finished his twelve hour shift, spent some time at the trailer, then departed the drill site to dine at a local McDonald’s restaurant. The accident which gives rise to this lawsuit occurred while Leger was returning from McDonald’s restaurant to the drill site.
The trial court granted motions for summary judgment in favor of all defendants. The applicable law regarding summary judgment is contained in La.C.C.P. art. 966(B), which states:
“The judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
The records in the present cases contain pleadings, depositions, and answers to interrogatories sufficient to warrant, in part, the finding by the trial court.
N.L. was named as a defendant in the Michaleskis’ first amended petition. In the petition, it is alleged that N.L. is indebted unto plaintiffs because Leger was in the course and scope of his employment and, therefore, N.L. is vicariously liable for Leger’s negligence. Amoco was made defendant in Michaleski’s fourth amended petition. Michaleski alleges that Amoco is vicariously liable for Leger’s tort because Leger was an employee of or under the control of Amoco.
Vicarious liability of employers is imposed by La.C.C. art. 2320, which provides, in pertinent part:
“Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.”
There is no hard and fast rule for determining whether an employee is or is not acting within the course and scope of his employment. Each such instance must be determined in light of its own peculiar facts and circumstances. Wright v. Romano, 279 So.2d 735 (La.App. 1st Cir.1973), writ refused, 281 So.2d 757, 758 (La.1973); Reed v. Gulf Ins. Co., 447 So.2d 1102 (La.App. 4th Cir.1984), writ granted, 456 So.2d 159. The following is the test for the course and scope determination:
Is the tortious conduct of the employee so closely connected in time, place, and causation to his employment-duties as to be regarded a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interests? See Lebrane v. Lewis, 292 So.2d 216 (La.1974).
This test was discussed in St. Paul Fire & Marine Ins. Co. v. Roberts, 331 So.2d 529 (La.App. 1st Cir.1976). In that case, this court stated, at 537:
"... The factors considered in making such a determination include the time the act was committed, meaning whether at a time the employee was obligated to perform a duty for his employer. Also to be considered are the place, circumstances and purpose of the act insofar as it may reasonably relate to or foster the employer’s business. Additionally, the motive of the employee in performing the act is of paramount importance, as also are the questions of whether the act is one usually performed by employees engaged in similar capacities and whether the employer had reason to expect such an act would be performed by the employee.”
In applying the facts of the present case to the tests set out in Lebrane and St. Paul, we are convinced of the correctness *328 of the trial court’s ruling, as to N.L. and Amoco. The first of these factors to be considered is the time of the accident. In this case, the accident occurred after Leger had completed his work shift. He was no longer being paid his hourly wage, and neither N.L. nor Amoco was exercising any control over him. N.L.’s representative testified that they did not care where Leger went or where he spent the night, as long as he was present at the beginning of his next work shift. Leger, at the time of the accident, was not obligated to perform a duty for N.L. or Amoco. Therefore, the time of the accident is not related to Leger’s employment.
The next factors to be considered are the place, circumstances, and purposes of the act. The place was off the well site on a public highway. The circumstances and purpose of the act were that Leger was returning to his sleeping quarters after eating his evening meal. The general rule is that employees traveling to and from the site of their work or leaving work for meals are not deemed to be within the course and scope of their employment. St. Paul, supra, at 538. The pleadings and depositions do not raise any facts which would give rise to an exception to this rule (e.g., a special errand on the request of the employer). Plaintiffs merely argue that the employers’ interests were furthered by Leger’s need for sustenance. This argument is without merit.
The next consideration is the motive of Leger. There can be no dispute that the sole motive of Leger in performing his act was to satisfy his need for personal nourishment. As stated above, this cannot be held to be employment-related.
The final consideration, whether the act is usually performed by employees in similar capacities and whether the employer had reason to suspect Leger would perform the act is not relevant. As it has been repeatedly pointed out, Leger’s act of securing nourishment at the place of his choice on his own time cannot be said to be employment-related.
In regard to the portion of the judgment rendered in favor of the insurers of N.L., plaintiffs and defendant-insurers agree in their briefs that the record in this matter does not include the insurance policies and, therefore that portion of the judgment in favor of Insurance Company of North America, Walbrook Insurance Company, El Paso Insurance, Mutual Reinsurance Company, Dart Insurance Company, Bermuda Fire and Marine Insurance Company, St. Katherine Insurance Company, Belieforte Insurance Company, CNA Reinsurance Company and Turegum Insurance Company should be reversed and remanded for the introduction and review of the policies. Because of the above and foregoing agreement, we agree and do hereby reverse and remand that portion of the judgment for disposition in accordance with the views expressed in this opinion.
For the above and foregoing reasons, the decision of the trial court in Michaleski, et al. v. Western Preferred Casualty Company et al. is hereby affirmed as to defendants N.L. Industries, Inc. and Amoco Production Company, and reversed and remanded as to Insurance Company of North America, Walbrook Insurance Company, El Paso Insurance, Mutual Reinsurance Company, Dart Insurance Company, Bermuda Fire and Marine Insurance Company, St. Katherine Insurance Company, Belleforte Insurance Company, CNA Reinsurance Company and Turegum Insurance Company. Plaintiffs-appellants and defendant-insurers are liable each for one-half of the costs of this appeal.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

. In suit No. 83 CA 1320, plaintiffs, Arnold McLin, Jr., et al, and all defendants filed joint motions of dismissal. These motions were granted on December 13, 1984 and the appeal No. 83 CA 1320 was dismissed.