468 So.2d 1159 (1985)
John V. REED
v.
HOUSE OF DECOR, INC., et al.
No. 84-C-1008.
Supreme Court of Louisiana.
May 14, 1985.
Rehearing Denied June 27, 1985.
*1160 Michael A. Fenasci, Wiedemann & Fransen, New Orleans, for plaintiff-applicant.
Robert N. Ryan, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendants-respondents.
LEMMON, Justice.
We granted certiorari to determine whether the intermediate court erred in reversing a judgment which held that House of Decor, Inc. was vicariously liable for plaintiff's injuries caused by Chuck Williams, an alleged employee of House of Decor. The critical issue is whether Williams was an employee of the House of Decor in the course and scope of that employment at the time of the accident.
William Cusack and Steven Tomoletz, as individuals, leased certain immovable property in the Vieux Carré section of New Orleans. The lower floor of the main building on the property was used as a gift shop operated by the House of Decor, Inc., a corporation in which Cusack and Tomoletz were the sole shareholders. The two men resided on the upper floor of the main building.
The leased property also included slave quarters in the rear. Cusack and Tomoletz sublet the upper apartment in the slave quarters to Williams on a two-year lease for a monthly rental of $125, executing the sublease in their individual capacities and not as officers of the corporation. They used the lower floor of the slave quarters to store inventory for the House of Decor.
Shortly before the October 31, 1976 accident, Cusack and Tomoletz purchased immovable property in another location with the intention of moving their residence. They agreed with Chuck Williams that he could rent the rear apartment in their new quarters. However, The House of Decor was to close permanently when the lease ended in December, 1976.
The day before the accident, Cusack asked plaintiff, an employee of a hotel across the street from the House of Decor, to help move a refrigerator from Williams' upper apartment to the new residence. The accident occurred on a Sunday, before the hour that the gift shop opened. While Williams and plaintiff were attempting to move the refrigerator down the stairs of the slave quarters to Williams' truck, Williams lost his grip, and the refrigerator fell onto plaintiff's ankle.
Plaintiff filed suit against the House of Decor and Gulf Insurance Company as the corporation's liability carrier, alleging that *1161 the House of Decor was vicariously liable for the negligence of its "employee", Chuck Williams. Neither Cusack nor Tomoletz was ever named or served as an individual defendant, nor was any argument made to the jury that they were individually liable. Both sides restricted their opening and closing arguments to the jury (except for the issue of damages) to the issue of the House of Decor's vicarious liability for the negligence of Williams as a corporate employee.
After trial on the merits, the jury answered written interrogatories and found that Williams was an employee of House of Decor at the time of the accident and that his negligence caused plaintiff's injuries.[1] Judgment was rendered in favor of plaintiff and against the House of Decor and Gulf Insurance. Both sides appealed. The Fourth Circuit, although concluding from the record that Williams was an employee of the House of Decor, reversed and remanded for a new trial, because the trial court had failed to instruct the jury on the course and scope element of an employer's vicarious liability for the torts of its employee and had failed to include this element in the interrogatories to the jury.[2] 436 So.2d 580 (1983).
This court, citing Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975), summarily remanded and ordered the intermediate court to decide the case on the complete record. 441 So.2d 752 (1983). The Fourth Circuit once again reversed, concluding that Williams was not in the course and scope of his employment for the House of Decor at the time of the accident. 447 So.2d 1102 (1984). We granted certiorari, being primarily concerned about an employer's liability for the off-duty torts of an employee who was performing (perhaps under subtle economic coercion) tasks at the request of and for the personal benefit of a principal officer and shareholder of a corporate employer. 456 So.2d 159 (1984).
La.C.C. Art. 2320 provides:
"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."
In order for plaintiff to recover under this principle of law, he was required to prove that Williams was an employee of the House of Decor, in the course and scope of his employment for that entity, when the accident occurred.
Whether a party is liable for the act of a tortfeasor on the basis that the tortfeasor was the party's employee in the course and scope of employment depends upon the proof and assessment of several factors, including payment of wages by the employer, the employer's power of control, the employee's duty to perform the particular act, the time, place and purpose of the act in relation to service of the employer, the relationship between the employee's act and the employer's business, the benefits received by the employer from the act, the motivation of the employee for performing the act, and the reasonable expectation of the employer that the employee would perform the act.
The evidence in the present case on the issue of the corporation's vicarious liability consisted of the testimony of plaintiff and of Cusack. Williams' whereabouts were unknown, and he did not testify. Tomoletz's deposition is in the record, but was *1162 never introduced into evidence, and he did not testify.
Plaintiff testified that he had known Cusak and Tomoletz for about ten years, because they also operated a gift shop in the hotel where he worked. He occasionally assisted them in the gift shops by performing odd chores such as moving things. He stated that sometimes they tipped him and sometimes they didn't, explaining that they were friends who did favors for each other.
As to Williams, plaintiff testified that Williams sold T-shirts in the House of Decor's alley which led to the slave quarters. He stated he had seen Williams working in both shops behind the cash register, as well as working as a handyman and a watchman at the House of Decor.
Cusack testified that since Williams rented the rear apartment, they allowed him to sell T-shirts in the alleyway. He also admitted that Williams performed odd jobs for the House of Decor around the premises, such as keeping the sidewalk clean in front of the building, and that he was occasionally asked by the female clerks at the gift shop to carry packages for a customer or to "keep an eye out" for trouble because of the location in a rough neighborhood. However, Cusack denied that the House of Decor ever paid Williams any compensation for these services and that he and Tomoletz ever forgave Williams rental payments in return for his services (although he admitted that Williams was always delinquent in paying rent). Cusack also denied that Williams ever helped inside the gift store or operated the cash register, suggesting that Williams may have been seen at the coffee stand near the cash register.
In summary, Williams did not receive any wages from the House of Decor. The corporation had no power of control or power of discharge over his work activities.[4] The act of moving the refrigerator occurred at a time when the business operated by the corporation was closed and at a place away from the corporation's business premises. The moving of the refrigerator from an apartment occupied by Williams to another residence provided no apparent benefit to the corporation and had no relationship with the corporation's business. Indeed, the corporation was just about to close down the business permanently, and it is difficult to perceive any purpose in moving the refrigerator that was in any way related to the corporation.
Determination of the course and scope of employment is largely based on policy. The risks which are generated by an employee's activities while serving his employer's interests are properly allocated to the employer as a cost of engaging in the enterprise. However, when the party (the alleged employer) upon whom vicarious liability is sought to be imposed had only a marginal relationship with the act which generated the risk and did not benefit by it, the purpose of the policy falls, and the responsibility for preventing the risk is solely upon the tortfeasor who created the risk while performing the act.
In the present case, the jury found that Williams was an employee of the House of Decor. The evidence arguably supports this limited determination that he was an occasional employee.[5] If Williams were a regular employee of the small corporation, perhaps policy would dictate that he should be viewed as being in the course and scope of his employment when performing a task at the request of and for the personal *1163 benefit of the holder of 51% of the corporate shares in the two-shareholder corporation. However, there is no compelling policy reason for a similar conclusion in the case of someone who at best was an occasional employee.
We therefore conclude that Williams' act of moving the refrigerator, during the performance of which plaintiff was injured, was not performed by an employee of House of Decor in the course and scope of employment.[6]
Accordingly, the judgment of the court of appeal is affirmed.
CALOGERO and DENNIS, JJ., dissent and assign reasons.
CALOGERO, Justice, dissenting.
The trial jury found that Williams was an employee of the House of Decor, Inc. The Court of Appeal, and this Court now, have reversed that finding. With this finding I disagree. Williams was a handyman who frequently worked for Cusack and Tomoletz and/or their corporation, House of Decor, Inc. On the Sunday in question he had for the corporation been engaged in removing from a portion of the rear premises which he also occupied, inventory items belonging to the corporation.[1] It so happened that the accident took place when he turned his attention to moving a refrigerator from his apartment in the same rear structure, a refrigerator owned by Cusack and Tomoletz. I find it difficult to conclude that Williams was not an employee in the course and scope of employment for the House of Decor, Inc. at the moment he was removing Mr. Cusack's and Tomoletz's refrigerator, when he obviously had been doing work for the House of Decor rather continuously just before. Furthermore I find it difficult to subscribe to the majority's hair splitting distinction, based upon an asserted vicarious liability policy, that a regular employee of a small corporation, but not an occasional employee (like Williams, the majority asserts), under these facts would be viewed as in the course of his employment.
Nonetheless, were I to accept the majority's premise that he was not an employee in the course and scope of employment with House of Decor, Inc. I would still very likely find liability in Gulf Insurance Company.
Cusack and Tomoletz, individually as co-lessees, leased the entire premises, 526 Bourbon Street, from the owners thereof. In turn they occupied a major part of the premises with a corporation in which they were the principal stockholders, House of Decor, Inc. A portion of the premises, the rear or slave quarters, they leased for $100.00 a month to Williams, a man who coincidentally was used by their corporation from time to time as a handyman, and, as was evident by this accident, from time to time as an employee, or at least an agent of their own.
Cusack and Tomoletz were compelled by virtue of the lease of the premises, 526 Bourbon Street, to "maintain during the *1164 term of the lease at lessees' expense, insurance... in the joint names of lessors and lessees against: O.L. and T. Liability in the amount of not less than $100,000/$10,000." In pursuance of that obligation they secured a "personal" and "commercial" general liability policy with Gulf Insurance Company, the named insured being "William Cusack and Steve Tomoletz, d/b/a House of Decor, 526 Bourbon Street, New Orleans, Louisiana." The policy indicated that the named insured was a partnership and the business was that of a gift shop. Included in the description of hazards were the premises 526 Bourbon Street, New Orleans, Louisiana and "rear, 526 Bourbon Street, New Orleans, Louisiana." That policy defined persons insured to include ".... b) if the named insured is designated in declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such."
Obviously it was to cover their liability as the individual (joint) tenants of the premises that they secured this O.L. and T. liability policy for "personal" and "commercial" exposure.
We accept for present purposes the decision of the Court of Appeal and the majority herein, that Mr. Williams was not an employee in the course and scope of his employment with House of Decor, Inc. Yet Mr. Williams was doing the work of Cusack and Tomoletz by removing their refrigerator from premises as to which they were sub-lessors, at their request and for their advantage, at least in part.[2]
I find it hard to understand how, under this liability policy, Gulf is not liable to the plaintiff for the injury he sustained through the negligence of Williams who was, if not an employee of the House of Decor, Inc., more than likely an employee in the course and scope of employment for Cusack and Tomoletz, in whose name the liability policy was issued.
The majority, in footnote six, contends that the plaintiff raised in this Court for the first time, Gulf's Liability on the basis that Gulf insured Cusack or Tomoletz individually, and that they were vicariously liable for Williams' fault. The majority is right; the argument was raised late.
Nonetheless, Gulf's policy (and other evidence) was introduced without objection, and Gulf was sued in the district court by the plaintiff.
For the reason, however, that the argument was raised belatedly, I essentially concur in the majority's not considering the argument at this time, but keeping alive plaintiff's right to sue Gulf as insurer of Cusack and Tomoletz. See footnote six of the majority opinion.
NOTES
[1] The jury also found that plaintiff was not an employee of House of Decor at the time of the accident. The only other interrogatories addressed the issues of plaintiff's contributory negligence and of the amount of plaintiff's damages.
[2] As an assignment of error in this court, plaintiff asserts that defendants failed to object to these errors in the trial court, as required by La.C.C.P. Art. 1793, and raised the issues for the first time on appeal. Defendants clearly objected to the deficiency in the jury interrogatories at page 118 of Volume III. At page 122, there is a further objection "to the Court's failure to give charges on the course and scope of employment as to Mr. Williams". Although that objection is attributed in the record to plaintiff's counsel, we conclude that this must have been clerical error, since the objection in context comports with the other objections then being asserted by defense counsel, after plaintiff's counsel had announced that he had no objections.
[4] As landlords, Cusack and Tomoletz (the corporation's sole shareholders) could have legally terminated Williams' sublease for non-payment of rent. While this consideration may have explained Williams' motivation for performing uncompensated favors for the two men, there was no economic relationship between Williams and the corporation which the corporation had the power to control or terminate.
[5] On the undisputed evidence and the disputed evidence viewed mostly favorably to plaintiff (who was the prevailing party in the trial court), Williams was at best a marginal employee. However, the jury was not instructed on or questioned about the issue of course and scope of employment. Therefore, the reviewing court must determine that issue on the record, without deference to the jury's verdict on factual matters (although in this case there was no factual dispute pertinent to that issue).
[6] In brief in this court, plaintiff raised for the first time Gulf's liability on the basis that Gulf insured Cusack and Tomoletz individually and that they were vicariously liable for Williams' fault. There were no allegations in the petition relating to the personal liability of either Cusack or Tomoletz for plaintiff's injury or relating to Gulf's liability as the personal insurer of either Cusack and Tomoletz, and none of the jury interrogatories addressed these issues. Therefore, it would be fundamentally unfair for a reviewing court to decide this issue on the basis of the record of a trial that did not address this issue (even if Gulf's policy indeed provides individual coverage), and we expressly decline to rule on this argument. While the judgment rendered by this court dismisses Gulf with prejudice as insurer of the House of Decor, plaintiff may still assert in another action any claim he may have against Cusack or Tomoletz individually, in which case they will be entitled to assert any available defenses. If the present suit against Gulf as insurer of the House of Decor interrupted prescription against Gulf as insurer of Cusack and Tomoletz, then prescription remains interrupted and does not begin to run anew until the present suit becomes definitive, but it is inappropriate to rule on such issues at this time.
[1] This particular information appears in a deposition which is in the record but which, admittedly, was not introduced into evidence.
[2] Williams was going to be their tenant in some other premises.