WATKINS, Judge.
Joseph C. Nelson, Mary Lee Wiggins Nelson and Pearline Nelson sued the Board of Trustees of State Colleges and Universities (Southeastern Louisiana University)» inter alia, for damages allegedly sustained when a van driven by Mary Ronquillo entered an intersection controlled by a stop sign facing Ms. Ronquillo and struck a 1981 Ford pickup truck driven by Mr. Nelson at right angles to the van. Both Southeastern and plaintiffs moved for summary judgment. Summary judgment was granted in favor of Southeastern discharging Southeastern as a party defendant. Plaintiffs have appealed. We affirm.
There is no factual dispute as to how the accident occurred. The sole issue before us is whether or not a master-servant, employer-employee relationship existed between Southeastern and Ms. Ronquillo so that Southeastern could be held liable under either the doctrine of respondeat superior or under a theory of direct negligence in selecting a driver for the van.
Mary Ronquillo and the passengers in the van were members of the Southeastern girl’s basketball team who were on athletic scholarships. The girls were leaving the Holiday Inn in Hammond after taking a meal there furnished by Southeastern as part of the scholarship. Normally meals were furnished to the girl’s basketball team by the athletic cafeteria at Southeastern, but the accident occurred January 6, 1985, during semester break. The van driven by Mary Ronquillo was lent to her by a friend, Charles Domino, who had no connection with Southeastern. The basketball team stayed at Southeastern to practice for most of semester break (except for a week at home for Christmas).
Although some of the cases cite additional factors, the two most important factors in determining master-servant, employer-employee status are the degree of control exercised over the alleged employee and the existence of compensation. See Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (La.1968), Whittington v. Sowela Technical Institute, 438 So.2d 236 (La.App. 3d Cir.1983), writ denied, 443 So.2d 591, 592 (La.1983).
The members of the girl’s basketball team received no monetary compensation as athletes, and only received room and board, which were furnished by Southeastern in accordance with prevailing practice. The members of the basketball team were not required to take their meals at the Holiday Inn (indeed, one member frequently went home for her meals), but could only receive the meal furnished by Southeastern under the scholarship at the Holiday Inn in Hammond during semester break. Southeastern was not obligated by the scholarship to furnish transportation to the Holiday Inn, and did not in fact do so. After the members of the team had all taken their meal, Mary Ronquillo was driving them back to Southeastern when she encountered a stop sign, at an intersection, stopped, entered the intersection and struck Nelson’s pickup truck with her van.
Plaintiffs cite Whittington, supra, as involving a similar set of circumstances and permitting recovery. In that case, a class of student nurses was being driven by a fellow student nurse on a field trip to a hospital in Houston, Texas, when an accident occurred, killing plaintiffs’ decedent. The trip was not required by the school the student nurses attended (Sowela) but the students would receive additional credit if they attended the field trip. The school controlled the time and date of the proposed field trip. The school controlled the mode of transportation and selected the driver. Supervisory personnel accompanied the student nurses. Under these *456 facts, the Third Circuit held an “agent-servant” relationship existed between Sowela and the driver of the van, although the student nurses received no compensation from Sowela.
In the present case, the athletes were not required to take their meals at the Holiday Inn, they were not required to use the van driven by Mary Ronquillo, they of course received no credit for going to the Holiday Inn, and Southeastern did not regulate, supervise, or control the trip. Thus, Whit-tington is inapplicable to the present case.
Nor do two other cases cited by plaintiffs aid plaintiffs’ position in the present case. In Reed v. House of Decor, Inc., 468 So.2d 1159 (La.1985), it was held that an occasional employee of the House of Decor, Inc. was not acting in the course of his employment so as to render the corporation liable in tort. The employee helped lift a refrigerator for a friend of a co-owner of the corporation during hours when the shop leased by the corporation was closed. Similarly, Mary Ronquillo was not in the course of employment by Southeastern when she drove a borrowed van from the Holiday Inn, nor was she employed by Southeastern at any time.
In Michaleski v. Western Preferred Casualty Co., 472 So.2d 18 (La.1985), an oil field worker (a motorman) who worked “seven days on” and who was suffering from exhaustion drove with a co-worker about five or six miles to a McDonald’s and struck another vehicle head-on. Because the seven days on were continuing during the time of the wreck and because the workers were forced to leave the oil rig for food or provisions, the Louisiana Supreme Court reversed summary judgment in favor of defendants and remanded. In the present case, Mary Ronquillo suffered from no condition of fatigue induced by work and was under no obligation to go to the Holiday Inn for meals. No control was exercised by Southeastern over Mary Ron-quillo. Also, the worker in Michaleski received remuneration, while no monetary compensation was received by Mary Ron-quillo in the present case.
Plaintiffs further contend that Southeastern was directly negligent in recruiting Mary Ronquillo to drive the van, as she was inexperienced. As may be seen from the foregoing discussion, Southeastern played no role in deciding who was to drive the van. The other basketball players elected to ride with Mary Ronquillo, and were free to travel to the Holiday Inn by another form of conveyance.
We therefore hold that summary judgment in favor of Southeastern was properly granted by the trial court.
The judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.