liPRICE, Judge Pro Tem.
This tort action arises out of a two-vehicle accident between plaintiff, Gary McLain, and defendant, Kenneth Brooks, III. Also named as defendants are the following: Safeway Insurance Company (Brooks’ automobile liability insurer), Bill & Ralph’s, Inc. (Brooks’ employer), Kenneth Brooks, Jr. (the owner of the offending vehicle), and State Farm Mutual Automobile Insurance Company (McLain’s uninsured motorist carrier)[1] The issue presented on this appeal is whether Brooks was in the course and scope of his employment with Bill & Ralph’s at the time of the accident to render this employer vicariously liable to the plaintiff under the doctrine of respondeat superior. The trial court found Brooks to have been in the course and scope of his employment. For the following reasons, we reverse.

Facts

On December 18, 1991, Kenneth Brooks, III, was returning from a physical therapy session at Humana Hospital-Springhill. As he “topped” a gradual hill, he noticed another motorist stopped in his lane of travel. To avoid the unidentified motorist, Brooks swerved out of his lane and into the lane of opposing traffic. Upon reentering his own lane, he saw plaintiffs vehicle stopped in front of him. Though Brooks applied his brakes, he was unable to stop in time.
Prior to the time of the accident Brooks was employed by Bill & Ralph’s as a “helper” on a meat delivery truck. However, on the day of the accident he was not working for Bill & Ralph’s. In fact, due to a work-related injury, he had not been working for Bill & Ralph’s for approximately two months. The only connection the present litigation has to Bill & Ralph’s is its obligation to pay workers’ compensation benefits to Brooks, including the expenses for the physical therapy session from which he was returning, on the date of the accident.
|2The trial court determined that at the time of the accident Brooks was in the course and scope of his employment with Bill & *839 Ralph’s which has appealed the judgment assessing damages against them for vicarious liability.

Discussion

Under La.Civ.Code art. 2320, masters and servants are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. An employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place, and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer’s business. LeBrane v. Lewis, 292 So.2d 216 (La.1974). However, this vicarious liability only extends to an employee’s tor-tious conduct that occurs while he is acting in the course and scope of his employment. Reed v. House of Decor, Inc., 468 So.2d 1159 (La.1985). Whether an employee is in the course and scope of his employment is a question that is only answerable by general rules and the examination of various factors due to the unending contexts in which the question arises. Generally speaking, an employee’s conduct is within the course and scope of his employment if the conduct is of a kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated by a purpose to serve the employer. Orgeron v. McDonald, 93-1353 (La. 7/5/94), 639 So.2d 224.
It is undisputed that Brooks was drawing workers’ compensation benefits at the time of the accident he allegedly caused herein, and had been for a period of two months. His eligibility for entitlement to workers’ compensation benefits is contradictory to the premise that he was in the course and scope of his employment. See definition of temporary total disability at LSA-R.S. 23:1221. There is no rational relationship in the duty for which he was employed to perform for the appellant and the activity in which he was engaged at the time of the accident. Therefore, the trial court’s determination that Brooks was in the course and scope of his employment at the time of the accident was an ^improper interpretation of the law. The cases cited by appellees in their brief are factually distinguishable from the instant ease and are not controlling.
We conclude that Brooks was not in the course and scope of his employment with Bill & Ralph’s at the time of the accident, and the judgment of the trial court is reversed. The cost of this appeal is assessed to plaintiff-appellee.
REVERSED.

. Prior to trial, plaintiff settled a portion of his claim with the personal liability insurance carrier of Brooks and his father, Safeway Insurance Company, for the policy limits of $10,000; plaintiff reserved their rights 'against the other named defendants.