JiGREMILLION, Judge.
In these cases consolidated for review, we are asked to determine whether the trial *1068 court was correct in finding that the defendant, William Self, was not in the course and scope of his employment with Louisiana Health Service and Indemnity Company (LHSIC),[1] when he rear-ended a car driven by plaintiff, Toñita Norlander. After reviewing the record in its entirety, we reverse the ruling of the trial court and enter judgment in favor of Norlander.
FACTS
On November 4, 1993, at approximately 11:00 a.m., Norlander, was driving her car on Jackson Street in Alexandria, Rapides Parish, Louisiana, when she |2was hit from behind by a car owned and driven by Self. At the time of the accident, Self was returning to LHSIC’s office to set up appointments. As a result of the accident, Norlander sustained injuries and filed suit against Self and his insurer, Illinois National Insurance Company.
On September 29,1994, Norlander amended her petition and added as a defendant, LHSIC, under a theory of vicarious liability. On May 30, 1995, LHSIC filed a motion for summary judgment alleging that Self was an independent contractor, not an employee, and in the alternative, he was not within the course and scope of his employment at the time of the accident. Norlander countered with a cross motion for summary judgment, requesting a pre-trial determination of whether or not LHSIC was vicariously liable for the actions of Self.
On July 10, 1995, a hearing was held on both motions and the matters were taken under advisement. In the Opinion of the Court issued on August 9, 1995, the trial court held that Self was an employee of LHSIC, but that he was not within the course and scope of his employment when he struck the Norlander vehicle. Based on these findings, the court dismissed Norlan-der’s motion for summary judgment and granted LHSIC’s motion, dismissing it from this litigation.
SUMMARY JUDGMENT
Appellate courts review summary judgments de novo applying the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. Facts are Igmaterial if they determine the outcome of the legal dispute. South Louisiana Bank v. Williams, 591 So.2d 375 (La.App. 3 Cir. 1991), writ denied, 596 So.2d 211 (La.1992). The determination of the materiality of a particular fact must be made in the light of the applicable substantive law. Sun Belt Constructors v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).
DISCUSSION
 Employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they are employed. La.Civ.Code art. 2320. This vicarious liability extends only to the employee’s tortious conduct occurring while the employee is acting within the course and scope of his employment. Reed v. House of Decor, Inc., 468 So.2d 1159 (La.1985). Generally, an employee is acting within the course and scope of his employment if his conduct is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated by a purpose to serve the employer. Orgeron v. McDonald, 93-1353. (La. 7/5/94); 639 So.2d 224. To determine whether the conduct of an employee is related to his employment, the court must look to several factors: the payment of wages by the employer, the employer’s power of control, the employee’s duty to perform the particular act, the time, place and purpose of the act in relation to service of the employer, the relationship between the employee’s act and the employer’s business, the benefits received by the employer from the act, the motivation of the *1069 employee for performing the act, and the reasonable expectation to the employer that the employee would perform the act. Id; Reed, 468 So.2d 1159. It is a general rule that an employee going to and from work is not within the course and scope of his employment. Vaughan v. Hair, 94-86 (La.App. 3 Cir. 10/5/94), 645 So.2d 1177, writ denied, 95-0123 (La. 3/10/95); 650 So.2d 1186. However, |4“[w]hether an employee is within the course and scope of his employment is a question that is only answerable by general rules, because of the unending contexts in which the question may arise.” Orgeron, 639 So.2d at 226. Each case must be judged on its own set of facts when determining if an act of an employee is within the course and scope of his employment. Castille v. All American Ins. Co., 550 So.2d 334 (La.App. 3 Cir.1989), writ denied, 556 So.2d 1261 (La.1990).
The going and coming rule applies nicely when the employee has a fixed place of work, so that his traveling back and forth between his home and his fixed place of work is almost never in the course of employment. Not all employees, however, work on the employer’s premises or have a fixed place of work. The dispatching of employees to different work locations gives rise to many “shades of gray” in the otherwise “black and white” applications of the going and coming rule. When an employee is required to cheek in at a certain place and is then dispatched to the work site for that day, he is generally in the course of employment in the travel between the check in place and the work site, but not between home and the check in place, (citations omitted). However, when an employee is instructed to report to different work sites which change periodically, without first reporting to a check in place, there are more variations in the determination of course and scope of employment.
Orgeron, 639 So.2d at 227.
Self is one of three sales representatives working out of LHSIC’s Alexandria office. Once a week each sales representative is given a list of “leads,” people who have shown interest in obtaining a Blue Cross policy. Self was required to contact these leads with the intent of selling them an insurance policy. While the sales representatives are not bound by office policy on how to contact these potential clients, the general practice was for the sales representatives to call the interested persons and set up a meeting with each one. This required Self to leave the office to solicit business for his employer.
Normally, Self worked the region surrounding Natchitoches, Louisiana, but on the day of the accident he was making sales calls in Alexandria. In his ^deposition, Self estimated that he spent 90% of his work time in his automobile. On this particular day he had finished a sales call and was on his way to the office to make phone calls in the hope of setting up more appointments for later in the day. While en route to the office, he stopped at a Shonej/s restaurant for an early lunch. This is significant because when Self left the restaurant to go to the office, he reentered the portion of his trip that was related to his employment.
The trial court determined that Self was not in the course and scope of his employment stating that:
Self was operating his own vehicle. He was not reimbursed for the use or expenses of its operation. He was traveling from his place of lunch to his employer’s office. He was doing nothing to directly benefit his employer. He was not on a mission for his employer or doing anything contemplated by his employment duties beyond the simple act of going to work. The fact that he was going there to perform employment related work does not cause him to be in the course and scope of Ms employment anymore than any other employee would be traveling to work from lunch. Nor does the fact that Self spends 90% of Ms work time in Ms automobile lead to such conclusion. As a practical matter, the vast majority of salesman spend a large percentage of time in their automobiles, travel being an essential element of their employment. It does not follow that all of the time a salesman spends in Ms automobile is in the service of Ms employer.
*1070 In summary, the Court finds no facts to exclude Mr. Self from the general rule that an employee is not within the course and scope of Ms employment while traveling to and from lunch.
While there is no dispute that Self was operating Ms own veMcle and was not reimbursed by his employer for travelmg expenses, we disagree with the remainder of the trial court’s determination. We find that the facts presented by the pleadings and supporting documents clearly show that Self was within the course and scope of Ms employment.
Both Self and Ms employer understood that the best way to sell insurance was by meeting with the prospective buyers face to face. TMs required Self to be in the field for a vast majority of the time. When he made a call to set up an 16app ointment, whether he called from the main office in Alexandria or from a gas station on the side of rural Mgh-way, he was performing a duty that directly benefited Ms employer. Likewise, when he left one appointment and either went to or arranged another, he was doing work that benefited Ms employer. The fact that on tMs particular day, Self had the luxury of using the phone at the main office, instead of finding another, is of no consequence. Selfs side trip for personal reasons ended when he got in Ms car and continued Ms trip to the office for the purpose of using the phone to solicit appointments.
CONCLUSION
For these reasons, the judgment of the trial court in favor of the LHSIC is reversed and judgment is hereby entered in favor of Norlander. Costs of tMs appeal are assessed against the defendant-appellee, Louisiana Health Service and Indemmty Company.
REVERSED AND REMANDED.

. LHSIC conducts business under the name Blue Cross and Blue Shield of Louisiana.