| .PICKETT, Judge.

FACTS

On July 14, 1998, Michelle Bailey, the plaintiff, and her minor child, were driving to their family home in Cameron. While stopped on Louisiana Highway 27 and waiting to make a left turn-, Michael Adams ran into the rear of the Bailey vehicle. The child was ejected and Mrs. Bailey remained in the vehicle which fell into a ditch. Mrs. Bailey and her child were injured. Adams was cited with operating a vehicle while intoxicated. He later pled guilty to the charges.
At the time of the accident, both Adams and his guest passenger, Edward Bou-dreaux, were employees of Warrior Energy Group of Louisiana, Inc. (Warrior), the defendant. Adams’ regular work schedule was 14 days on and 7 off. He had elected to work an additional 7 days on this hitch. His normal workday consisted of 12 hours active service and 12 hours of “on call” service.
Warrior is an oilfield service company which provides 24 hour service to its customers with supplies and materials to offshore production and drilling rigs. Warri- or pays its employees during the “on call” period. Since he was not a resident of Cameron, Adams was required to live at the job site for the duration of this 21 day hitch. Employees who were Cameron residents were required to wear a pager if they left their homes during the 12 hour “on call” period and would be away from a phone. Non-residents, such as Adams, were not required to remain on the premises, but were prohibited from traveling far from Cameron and were required to leave a phone number where they could be reached. Warrior had sent memorandums to its employees advising that employees were prohibited from consuming alcohol during this 12 hour “on call” period.
*836 [¡At the time of this accident, Adams had been off duty for approximately 3 hours. Adams and Boudreaux had been to a local lounge and restaurant. Subsequent to consuming alcoholic beverages, they decided to visit a lady who was an employee of Liberty Resources, the company that owns the dock where Warrior is located. This visit was social in nature and not in any way connected to Warrior business. The two were en route to this lady’s home when the accident occurred. Adams employment with Warrior was terminated as a result of this accident.
Warrior filed a Motion For Summary Judgment in the trial court, arguing they should be dismissed from the suit because Adams was not in the course and scope of his employment at the time of this accident. The district court granted that motion. The plaintiff appeals the ruling of the trial court.

DISCUSSION

Appellate courts review summary judgments de novo under the same criteria that govern the trial judge’s consideration of whether a summary judgment is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95); 653 So.2d 1152. A motion for summary judgnent is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ.P. art. 966(B).
The trial court, after reviewing the facts, determined Adams was not in the course and scope of his employment at the time the accident occurred. We agree. Given the undisputed facts before us, it is clear both Adams and Boudreaux were supposed to be “on call” at the time of the accident. It is equally as clear, however, they had deviated from their employment and were on a purely personal mission at lathe time of the accident. They left the employer’s premises and went to a lounge where they drank intoxicating beverages. There is no evidence they provided the employer a number where they could be reached. They left the lounge to travel to the home of an individual for purely social reasons. The employer did not know where they were, had no means of communicating with them, and could not have reached Adams or Boudreaux had it chosen to do so.
To determine whether the conduct of an employee is related to employment, the court must consider several factors: the payment of wages by the employer; the employer’s control over the employee; the employee’s duty to perform the particular act; the time, place, and purpose of the act in relation to service of the employer; the relationship between the employee’s act and the employer’s business; the benefits received by the employer for performing the act; and, the reasonable expectation of the employer that the employee would perform the act. Reed v. House of Decor, Inc., 468 So.2d 1159 (La.1985).
When examining the facts of this case under the standard enunciated in Reed, it is clear Adams was acting outside the course and scope of his employment when the accident occurred. It is true the employee had certain restrictions under the terms of his employment during his hitch. At the time of this accident, however, the employer was exercising no control over Adams. His employer could not have reached him had he chosen to. He was clearly on a personal mission that was in no way connected to his employment. His actions were in no way for the benefit of his employer. We conclude Adams had deviated from his employment at the time *837 of the accident and was operating outside the course and scope of his employment.
Because he was not acting within the course and scope of his employment at |4the time of the accident, Warrior cannot be vicariously liable under the provisions of La.Civ.Code art. 2320.
The judgment of the trial court granting Warrior’s Motion For Summary Judgment is affirmed.
AFFIRMED.
WOODARD, J., dissents and assigns reasons.