HIGGINBOTHAM, J.
| gPlaintiffs-AppelIants, Jarrett and Hollie Lemmon, appeal a summary judgment that dismissed their personal injury claim against defendant-appellee, RoofCorp USA, LLC on finding that RoofCorp was not vicariously liable for a tort committed by Jonathan de la Mora at the time of the accident that injured Jarrett Lemmon.
FACTS AND PROCEDURAL HISTORY
On October 3, 2013, Jarrett Lemmon was involved in a motor vehicle accident with Jonathan de la Mora on Interstate 10 in Ascension Parish. After the accident, Mr. Lemmon, and his wife Hollie Lemmon, filed a petition for personal injury damages against Jonathan, Allstate Fire and Casualty Insurance Company, the liability insurance carrier for Jonathan’s vehicle, and GEICO Casualty Company, as the UM motorist carrier for the Lemmons’ vehicle pursuing damages for the injuries they allege were sustained as a result of the motor vehicle accident. After deposing Jonathan, the Lemmons amended their petition adding Rosendo de la Mora and Ro-ofCorp USA, LLC, as additional defendants alleging that, at the time of the accident, Jonathan was in the course and scope of his employment with Rosendo and RoofCorp and therefore Rosendo and Ro-ofCorp were vicariously liable for any damages caused by Jonathan.
In response, RoofCorp filed a motion for summary judgment seeking dismissal of the Lemmons’ claims against it on the grounds that Jonathan was not an employee of RoofCorp, nor was he in the course and scope of his employment at the time of the accident. After a hearing, the trial court signed a judgment granting Roof-Corp’s motion for summary judgment and dismissing the Lemmons’ claims against RoofCorp with prejudice. It is from this judgment that the Lemmons now appeal assigning error to the trial court’s grant of summary judgment in favor of RoofCorp.
| ^APPLICABLE LAW
On appeal, summary judgments are reviewed de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Sunrise Const. and Development Corp. v. Coast Waterworks, Inc., 2000-0303 (La.App. 1 Cir. 6/22/01), 806 So.2d 1, 3, writ denied, 2001-2577 (La. 1/11/02), 807 So.2d 235. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(B)(2).[1] The initial burden of proof is on the moving party; however, if the moving party will not bear the burden of proof at trial, the moving party’s burden on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, the nonmoving party must produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact and the motion should be granted. La. Code Civ. P. art. 966(C)(2).
*267 A genuine issue is a triable issue. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 751. A fact is material when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Id. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. King v. Illinois Nat. Ins. Co., 2008-1491 (La. 4/3/09), 9 So.3d 780, 784. | .(Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Manno v. Gutierrez, 2005-0476 (La.App. 1 Cir. 3/29/06), 934 So.2d 112, 116.
The applicable substantive law in this case is set forth in La. Civ. Code art. 2320, which provides, in pertinent part: “[mjasters and employers are answerable for the damage occasioned by their servants or overseers, in the exercise of the functions in which they are employed.” Specifically, an employer is liable for torts committed by its employee if, at the time, the employee was acting within the course and scope of his employment. Baumeister v. Plunkett, 95-2270 (La. 5/21/96), 673 So.2d 994, 996. However, under Louisiana law, a principal is generally not liable for the offenses committed by an independent contractor while performing its contractual duties. Davis v. Insurance Co. of North America, 94-0698 (La.App. 1 Cir. 3/3/95), 652 So.2d 531, 535, writ denied, 95-0840 (La. 5/5/95), 654 So.2d 334 An employee is acting within the course and scope of his employment when the employee’s action is “of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer.” Orgeron v. McDonald, 93-1353 (La. 7/5/94), 639 So.2d 224, 226-27.
In determining whether the employee’s conduct is employment-rooted, the court assesses several factors, including the payment of wages by the employer, the employer’s power of control, the employee’s duty to perform the particular act, the time, place, and purpose of the act in relation to service of the employer, the relationship between the employee’s act and the employer’s business, the benefits received by the employer from the act, the motivation of the employee for performing the act, and the reasonable expectation of the employer that the employee would perform the act. Reed v. House of Decor, Inc., 468 So.2d 1159, 1161 (La. l985). The determinative question in a vicarious liability claim is whether the employee’s tor-tious conduct “was so closely connected in time, place and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interest.” Richard v. Hall, 2003-1488 (La. 4/23/04), 874 So.2d 131, 139.
The general rule is that an employee, in going to and from work, is not considered as acting within the course and scope of his employment so as to render the employer liable to third persons for the employee’s negligence. See Orgeron, 639 So.2d at 227. The jurisprudence has recognized exceptions to the general rule depending on the circumstances of the case.
DISCUSSION
In favor of its motion for summary judgment, RoofCorp attached a signed Inde *268 pendent Contractor Agreement it had with Jonathan’s father, Rosendo, to provide roofing services; an affidavit of Kristen Bentley, who was the human resources manager at RoofCorp; and portions of the deposition testimony given by Jonathan. In opposition to RoofCorp’s motion for summary judgment, the Lemmons attached the deposition of Ms. Bentley, the deposition of Rosendo, and additional deposition testimony of Jonathan.
In her affidavit and deposition, Ms. Bentley pointed out that RoofCorp did not hire or pay the laborers working for Rosendo, did not have any paperwork regarding Jonathan, and did not know how many roofers Rosendo hired for each job. Ms. Bentley testified that RoofCorp did not have the power to fire Jonathan.
In his deposition, Jonathan testified that while at work, he reported either to Rosendo or his brother Octavio, and Rosendo provided him with the necessary work tools. Jonathan testified that weekly, he would give his timesheets to Rosendo, and Rosendo paid him and signed his paychecks. Jonathan stated that he was paid ^hourly, and on a typical day he clocked in around 7:00 a.m., took a one-hour lunch break around 12:00 p.m., and clocked out around 5:00 p.m.
Jonathan’s accident with Mr. Lemmon occurred at approximately 5:24 p.m. when, according to Jonathan, he was on his way home from working at G. W. Carver Elementary School. Jonathan testified that two of his co-workers, who lived with him and generally rode to and from work with him, were also in the vehicle.
According to the deposition of Rosendo, at the time of the accident, he was installing a roof for RoofCorp at G. W. Carver, and he hired Jonathan as a laborer to work with him on that job. Rosendo testified that Jonathan was working at G.W. Carver on the day of the accident. Rosendo stated that it was not part of Jonathan’s job to bring his co-workers home from work, and that he did not pay Jonathan for that time. Rosendo also testified that Jonathan was driving a vehicle owned by him.
While the Lemmons presented some evidence questioning the independent contractor status of Rosendo, there was no evidence presented to raise a genuine issue of material fact regarding whether Jonathan was an employee of RoofCorp. Jonathan was hired by Rosendo, and he was paid and supervised by Rosendo. RoofCorp was not aware of who Rosendo hired as laborers on his roofing jobs, and in the independent contract, RoofCorp gave Rosendo the authority to employ his own means and methods in performance of his services. RoofCorp did not have paper work on Jonathan, did not have the power to fire him, and did not exert control over his work activities. For these reasons, we find no merit to the Lemmons’ contention that genuine issues of material fact remain regarding whether Jonathan was an employee of RoofCorp.
Additionally, regardless of whether Jonathan was an employee of RoofCorp, Jonathan was clearly not in the course and scope of his employment at the time of the accident. Jonathan was admittedly driving home from work at the time of the accident, was not on the clock, was not being paid by Roof Corp or Rosendo, was |7not required to bring home his co-workers as part of his employment, was not performing any duty of his employment while in route, and was not driving a vehicle owned by RoofCorp. Jonathan was not in the course and scope of any employment at the time of the accident because his work duties for the day had ended, and he was on his way home. Jonathan’s accident fits squarely within the general rule that an employee coming from work is outside the *269 scope of his employment, and therefore, his employer is not vicariously liable for his conduct.
For the foregoing reasons, we conclude that there is no genuine issue of material fact regarding whether Jonathan was an employee of RoofCorp or in the course and scope of his employment at the time of the accident. Therefore, RoofCorp was entitled to summary judgment as a matter of law.
CONCLUSION
The trial court judgment granting summary judgment in favor of RoofCorp is affirmed. All costs of this proceeding are assessed to plaintiffs-appellants, Jarrett and Hollie Lemmon.
AFFIRMED.
Theriot, J., concur.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act. Therefore, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.